■ In the Matter of ALLSTATE INSURANCE COMPANY, Respondent, v JOSEPH ARPAIA, Appellant. [714 NYS2d 326] —In a proceeding pursuant to CPLR 7503 to stay arbitration of an underinsured motorist claim, Joseph Arpaia appeals from an order of the Supreme Court, Nassau County (Brandveen, J.), dated June 30, 1999, which granted the petition.

Ordered that the order is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

On August 6, 1998, the appellant sustained personal injuries, including a fractured leg, when an automobile struck the motorcycle he was operating. Thereafter, the appellant made a claim for supplementary uninsured motorist (hereinafter SUM) benefits under a policy issued by the petitioner to the appellant's mother, with whom he resided. As a resident of his mother's household and as a relative of the "named insured", the appellant qualified as an "insured" under the terms of the SUM endorsement of the policy. After more than five months had elapsed, the petitioner disclaimed coverage based on an exclusion in the policy which provided in pertinent part that the SUM coverage did not apply "to bodily injury to an insured incurred while occupying a motor vehicle owned by that insured if such motor vehicle is not insured for SUM coverage by the policy under which a claim is made".

Denial of coverage is predicated on one of the designated exclusions in the SUM endorsement. But for a specified circumstance—here, the use of a motor vehicle not insured by the policy—the appellant's claim would have been covered. The petitioner waived its right to invoke the exclusion by failing to timely disclaim coverage pursuant to Insurance Law § 3420 (d) (*see, Matter of Worcester Ins. Co. v Bettenhauser*, 95 NY2d 185). Bracken, J. P., Santucci, Altman and Florio, JJ., concur.