■ CGU INSURANCE, Formerly Known as COMMERCIAL UNION INSURANCE COMPANY, Respondent, v THOMAS J. GUADAGNO, JR., Defendant, and BRETT TEGER, Appellant. [720 NYS2d 201] —In an action for a judgment declaring that the plaintiff is not obligated to defend or indemnify its insured, the defendant Thomas J. Guadagno, Jr., in an action entitled *Teger v Guadagno,* pending in the Supreme Court, Suffolk County, under Index No. 13626-96, the defendant Brett Teger appeals from (1) an order of the Supreme Court, Suffolk County (Cannavo, J.), dated December 6, 1999, which granted the plaintiff's motion for summary judgment on the complaint, and (2) a judgment of the same court, entered January 27, 2000, which declared that the plaintiff is not obligated to defend or indemnify Thomas J. Guadagno, Jr., in the underlying action. The notice of appeal from the order is deemed also to be a notice of appeal from the judgment (*see,* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The court correctly granted the plaintiff's motion. The intentional actions of the defendant Guadagno were clearly outside the scope of the insurance policy, which defined a coverable "occurrence" as an "accident" (*see, Green Chimneys School for Little Folk v National Union Fire Ins. Co.,* 244 AD2d 387; *Utica Fire Ins. Co. v Shelton,* 226 AD2d 705, 706). Since no coverage was created in the first instance, the timely disclaimer provisions of the Insurance Law were inapplicable, and the plaintiff, which issued a reservation of its right to withdraw, was not estopped from asserting the lack of coverage (*see, Matter of Worcester Ins. Co. v Bettenhauser,* 95 NY2d 185; *Utica Fire Ins. Co. v Shelton, supra*). Krausman, J. P., McGinity, Feuerstein and Smith, JJ., concur.