■ Mary Miceli, Respondent, v State Farm Mutual Automobile Insurance Company, Appellant. [762 NYS2d 199] —Appeal from a judgment (denominated order and judgment) of Supreme Court, Erie County (Sedita, Jr., J.), entered July 8, 2002, which granted plaintiff's motion for summary judgment.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking a declaration that defendant, State Farm Mutual Automobile In-

surance Company (State Farm), is obligated to defend and indemnify its insured, Paul Bresciani, in an underlying personal injury action. Plaintiff was injured when a vehicle driven by Bresciani, allegedly without the owner's permission, collided with the vehicle in which plaintiff was a passenger. At the time of the accident, Bresciani was engaged in a high speed chase by police. State Farm admits that it did not notify plaintiff of its disclaimer of coverage in accordance with Insurance Law § 3420 (d), but contends that such notice was not required because the accident falls outside the scope of its policy, not within an exclusion from coverage. We disagree.

Supreme Court properly granted plaintiff's motion for summary judgment. "Disclaimer pursuant to section 3420 (d) is unnecessary when a claim falls outside the scope of the policy's coverage portion" because, "[u]nder those circumstances, the insurance policy does not contemplate coverage in the first instance, and requiring payment of a claim upon failure to timely disclaim would create coverage where it never existed" (*Matter of Worcester Ins. Co. v Bettenhauser*, 95 NY2d 185, 188 [2000]). By contrast, disclaimer is required "when denial of coverage is based on a policy exclusion without which the claim would be covered" and thus "[f]ailure to comply with section 3420 (d) precludes denial of coverage based on a policy exclusion" (*id.* at 189). The specific denomination of a policy provision as an exclusion is not necessarily dispositive of whether that provision is indeed an exclusion (*see Planet Ins. Co. v Bright Bay Classic Vehs.*, 75 NY2d 394, 400 [1990]; *Greater N.Y. Mut. Ins. Co. v Clark*, 205 AD2d 857, 858 [1994], *lv denied* 84 NY2d 807 [1994]).

Here, the subject policy provides that "[t]he liability coverage extends to the use, by an *insured*, of a *newly acquired car*, a *temporary substitute car* or a *non-owned car*." Although the policy also provides that "THERE IS NO COVERAGE FOR *NON-OWNED CARS*," that provision is qualified by the two provisions that follow, i.e., "1. IF THE DECLARATIONS STATE THE 'USE' OF *YOUR CAR* IS OTHER THAN 'PLEASURE AND BUSINESS'; OR 2. WHILE: A. BEING REPAIRED, SERVICED OR USED BY ANY *PERSON* WHILE THAT *PERSON* IS WORKING IN ANY *CAR BUSINESS*; OR B. USED IN ANY OTHER BUSINESS OR OCCUPATION. This does not apply to a *private passenger car* driven or *occupied* by the first *person* named in the declarations, his or her *spouse* or their *relatives.*" We agree with plaintiff that those provisions do not merely define the scope of coverage, but rather are in the nature of exclusions. Thus, State Farm was required to give notice of disclaimer pursuant to Insurance Law § 3420 (d) in order to disclaim on the basis

that the vehicle driven by Bresciani was not a covered vehicle. Likewise, State Farm's assertion that there is no coverage because the use of the vehicle by Bresciani was non-permissive is also based on a policy exclusion (*see Greater N.Y. Mut. Ins. Co.*, 205 AD2d at 858). We have reviewed State Farm's remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Green, Wisner, Burns and Gorski, JJ.