■ NEIL T. LEVIN, Respondent, v G.T.J. Co., INC., Also Known as VARSITY TRANSIT, INC., Appellant, et al., Defendant. [760 NYS2d 868] —In an action for a judgment declaring that the plaintiff is not obligated to defend and indemnify the defendant G.T.J. Co., Inc., also known as Varsity Transit, Inc., in an underlying action entitled *Rodriguez v G.T.J. Co., also known as Varsity Transit,* pending in the Supreme Court, Kings County, under Index No. 34506/94, the defendant G.T.J. Co., Inc., also known as Varsity Transit, Inc., appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Schmidt, J.), entered September 18, 2002, which granted the plaintiff's cross motion for summary judgment and declared that the plaintiff is not obligated to defend and indemnify it in the underlying action.

Ordered that the order and judgment is affirmed, with costs.

The Supreme Court properly granted the plaintiff's cross motion for summary judgment and declared that it is not obligated to defend and indemnify the appellant in the underlying action. It is uncontroverted that the act which constituted the basis of the underlying action did not occur on a date encompassed by the subject insurance policy. Since no coverage was created in the first instance, the timely disclaimer provisions of the Insurance Law are inapplicable (*see CGU Ins. v Guadagno,*

280 AD2d 509, 510 [2001]; *cf. Matter of Worcester Ins. Co. v Bettenhauser,* 95 NY2d 185, 188 [2000]; Insurance Law § 3420 [d]). Further, the plaintiff, which issued a reservation of its right to withdraw upon first discovering that the date of the accident in the underlying action may fall outside the coverage dates of the subject policy, was not estopped from asserting the lack of coverage (*see CGU Ins. v Guadagno, supra; cf. Utica Mut. Ins. Co. v 215 W. 91st St. Corp.,* 283 AD2d 421, 422-423 [2001]). Smith, J.P., Krausman, Luciano and Crane, JJ., concur.