■ PATRICK J. BAUSCH, Respondent, v DAVID E. MACHOVOE, Defendant, and FOREMOST INSURANCE GROUP, Appellant. [778 NYS2d 790]—

Appeal from a judgment of the Supreme Court, Wyoming County (Mark H. Dadd, A.J.), entered June 20, 2003. The judgment, insofar as appealed from, granted plaintiff's motion for summary judgment declaring that defendant Foremost Insurance Group has a duty to defend and indemnify defendant David E. Machovoe with respect to plaintiff's claims against him arising from a motor vehicle accident and denied the cross motion of defendant Foremost Insurance Group for summary judgment.

It is hereby ordered that the judgment insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied, the cross motion of defendant Foremost Insurance Group is granted and judgment is granted in favor of defendant Foremost Insurance Group as follows: "It is ADJUDGED AND DECLARED that defendant Foremost Insurance Group has no duty to defend or indemnify defendant David E. Machovoe with respect to plaintiff's claims against him."

Memorandum: Supreme Court erred in granting plaintiff's motion for summary judgment, declaring that defendant Foremost Insurance Group (Foremost) has a duty to defend and indemnify defendant David E. Machovoe with respect to plaintiff's claims against him arising from a motor vehicle accident, and denying the cross motion of Foremost for summary judgment. Although the mobile home policy issued by Foremost to Machovoe provides liability coverage for accidents arising from the use of a vehicle on the insured premises, it does not provide coverage for the accident at issue herein, which occurred on a public highway away from the insured premises. Foremost therefore had no duty to timely disclaim liability pursuant to Insurance Law § 3420 (d). "Under th[e]se circumstances, the insurance policy does not contemplate coverage in the first instance, and requiring payment of a claim upon failure to timely disclaim would create coverage where it never existed" (*Matter of Worcester Ins. Co. v Bettenhauser*, 95 NY2d 185, 188 [2000]; *see generally Zappone v Home Ins. Co.*, 55 NY2d 131, 136-137 [1982]). We therefore reverse the judgment insofar as appealed from, deny plaintiff's motion, grant Foremost's cross motion, and grant judgment in favor of Foremost declaring that Foremost has no duty to defend or indemnify Machovoe with respect to plaintiff's claims against him. Present—Pigott, Jr., P.J., Green, Pine, Wisner and Lawton, JJ.