■ KIMBERLY CIASULLO, Respondent, v NATIONWIDE INSURANCE COMPANY et al., Appellants. [823 NYS2d 85]—

In an action, in effect, for a judgment declaring that the plaintiff is entitled to receive supplementary underinsured motorist benefits under a policy of insurance issued by the defendant Nationwide Insurance Company, the defendants appeal, as limited by their brief, from so much of an amended order of the Supreme Court, Orange County (McGuirk, J.), dated September 2005 as, upon reargument, denied their prior motion for summary judgment dismissing the complaint, which had been granted in an order of the same court dated April 10, 2005.

Ordered that the amended order is affirmed insofar as appealed from, with costs.

A disclaimer pursuant to Insurance Law § 3420 (d) is required when the denial of coverage is based upon a policy exclusion without which the claim would be covered (see *Matter of Worcester Ins. Co. v Bettenhauser,* 95 NY2d 185, 188-189 [2000]; *Handelsman v Sea Ins. Co.,* 85 NY2d 96 [1994]). In contrast, a disclaimer pursuant to Insurance Law § 3420 (d) "is unnecessary when a claim falls outside the scope of the policy's coverage portion" (*Matter of Worcester Ins. Co. v Bettenhauser, supra* at 188; see *Zappone v Home Ins. Co.,* 55 NY2d 131, 134 [1982]). The instant insurance policy was issued by the defendant Nationwide Insurance Company (hereinafter Nationwide) to the plaintiff's father. The plaintiff, who was involved in an automobile accident, sought coverage under the supplementary uninsured motorists (hereinafter SUM) endorsement of the subject policy. Nationwide denied coverage based upon a policy exclusion to the SUM endorsement which excluded from SUM coverage "*bodily injury* to an *insured* incurred while occupying a motor vehicle owned by that insured, if such motor vehicle is not insured for SUM coverage by the policy under which a claim is made" (emphasis added). But for the exclusion, coverage would have been afforded the plaintiff under the SUM endorsement. Thus, the insurer was required to issue a timely disclaimer under *Insurance Law* § 3420 (d) based upon the policy exclusion (see *Matter of Worcester Ins. Co. v Bettenhauser, supra; Handelsman v Sea Ins. Co., supra*).

The defendants established their prima facie entitlement to

judgment as a matter of law by demonstrating that the SUM exclusion applied to the plaintiff who, at the time of the accident, was operating her own vehicle which was not covered by the subject policy (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). However, the plaintiff, in opposition, raised a triable issue of fact as to the timeliness of Nationwide's denial of coverage upon conflicting evidence as to when Nationwide first received notice of the accident and when it first became aware that the plaintiff was operating her own vehicle and therefore, was subject to the exclusion from SUM coverage (*see Matter of Worcester Ins. Co. v Bettenhauser, supra; Handelsman v Sea Ins. Co., supra; Zappone v Home Ins. Co., supra*). Thus, the Supreme Court properly, upon reargument, denied the defendants' motion for summary judgment. Florio, J.P., Skelos, Fisher and Dillon, JJ., concur.