(December 21, 2006)

■ LUTHERAN SOCIAL SERVICES OF METROPOLITAN NEW YORK, INC., Respondent, v GUIDE ONE INSURANCE, Appellant. [827 NYS2d 122]—

Judgment, Supreme Court, New York County (Karen S. Smith, J.), entered October 7, 2005, in favor of plaintiff in the amount of $99,118.99, which brings up for review an order of the same court and Justice, entered September 28, 2005, which granted plaintiff's motion for summary judgment seeking, inter alia, $79,280.06 with interest for litigation expenses it incurred in its defense of an underlying action and denied defendant's cross motion to dismiss the complaint, unanimously reversed, on the law, without costs, the judgment vacated, plaintiff's motion for summary judgment denied, and defendant's cross motion granted. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint. Appeal from the aforementioned order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff foster care agency commenced this declaratory judgment action to recover from defendant insurer litigation expenses incurred in defense of an underlying lawsuit brought by an adopting couple who alleged that plaintiff had failed to notify them that the adopted children had tested positive for HIV. However, there is no record evidence that the insurance coverage on which plaintiff relies was in effect when the adoptive parents' causes of action accrued, and therefore defendant's cross motion for summary judgment must be granted. While it is true that defendant's disclaimer of coverage did not state that plaintiff was not actually insured when the causes accrued, a disclaimer under Insurance Law § 3420 (d) only need include policy exclusions; if a claim falls outside the scope of the policy's

coverage, disclaimer is unnecessary (*Matter of Worcester Ins. Co. v Bettenhauser*, 95 NY2d 185, 188 [2000]). Contrary to the position taken by plaintiff, "the failure to disclaim coverage does not create coverage which the policy was not written to provide" (*Zappone v Home Ins. Co.*, 55 NY2d 131, 134 [1982]). We have considered and rejected plaintiff's remaining arguments. Concur—Buckley, P.J., Tom, Mazzarelli, Saxe and McGuire, JJ.