■ VICTOR SOLOMON et al., Respondents, v UNITED STATES FIDELITY & GUARANTY COMPANY, Appellant. [841 NYS2d 39]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered June 1, 2006, which denied defendant's motion, pursuant to CPLR 3211 (a) (7), to dismiss the complaint, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

We agree with the motion court that section A (1) of defendant's policy is not ambiguous, and that plaintiffs' claim herein does not fall within the ambit of the policy's coverage. We disagree with the motion court, however, regarding the applicability of Insurance Law § 3420 (d).

In *Matter of Worcester Ins. Co. v Bettenhauser* (95 NY2d 185 [2000]), the Court of Appeals stated that: "Disclaimer pursuant to [Insurance Law] section 3420 (d) is unnecessary when a claim falls outside the scope of the policy's coverage portion. Under those circumstances, the insurance policy does not contemplate

coverage in the first instance, and requiring payment of a claim upon failure to timely disclaim would create coverage where it never existed. By contrast, disclaimer pursuant to section 3420 (d) is necessary when denial of coverage is based on a policy exclusion without which the claim would be covered" (*id.* at 188-189; *see also Lutheran Social Servs. of Metro. N.Y., Inc. v Guide One Ins.*, 35 AD3d 285 [2006]).

Here, since the claim falls outside of the scope of the policy, a disclaimer is unnecessary, rendering the timeliness of defendant's notice irrelevant. Concur—Andrias, J.P., Saxe, Marlow, Nardelli and Williams, JJ.