FOURTH DEPARTMENT, JULY, 2008

(July 3, 2008)

■ STATE FARM FIRE AND CASUALTY COMPANY, Respondent, v RODNEY WHITING et al., Defendants, and MATTHEW WHITING, Appellant. [862 NYS2d 420]—

Appeal from a judgment (denominated order) of the Supreme Court, Orleans County (James P. Punch, A.J.), entered August 15, 2007 in a declaratory judgment action. The judgment granted plaintiff's cross motion for summary judgment seeking a declaration that plaintiff has no duty to defend or indemnify defendant Matthew Whiting in the underlying action.

It is hereby ordered that the judgment so appealed from is affirmed without costs.

Memorandum: Supreme Court properly granted the cross motion of plaintiff seeking summary judgment declaring that it has no duty to defend or indemnify Matthew Whiting (defendant) in the underlying action. According to the complaint in the underlying action, defendant assaulted Evan Lang while Lang was attending a party at defendant's home. We agree with the court that plaintiff has no duty to defend or indemnify defendant with respect to the cause of action alleging an intentional tort. We conclude that the incident herein was not an "occurrence" within the meaning of the policy and, in our view, the dissent's reliance upon *Automobile Ins. Co. of Hartford v Cook* (7 NY3d 131) in reaching a contrary conclusion is misplaced. Under the terms of the policy, an occurrence is defined as "an accident." We note at the outset that an incident is an occurrence, i.e., an accident, if, " 'from the point of view of the insured, . . . [the incident resulting in injury] was unexpected, unusual and unforeseen' " (*Miller v Continental Ins. Co.*, 40 NY2d 675, 677 [1976]; see *Cook*, 7 NY3d at 137-138; *Essex Ins. Co. v Zwick*, 27 AD3d 1092). Defendant herein testified at his deposition that he intended to hit Lang, who had shoved him and was again advancing toward him, and defendant knew when he hit Lang that Lang "could be hurt from the punch." In *Cook*, the insured shot and killed an intruder in his home. He was acquitted of murder and manslaughter charges, and the victim's estate commenced a wrongful death action alleging that the insured in *Cook* negligently caused the victim's death (see 7 NY3d at 135). The insured in *Cook*, who fired the weapon at the lowest part of the victim's body that was visible behind a pool table, testified at his deposition that he knew that the victim

would be injured but he did not anticipate that the victim would be killed (*see id.* at 135-136). Although the insured acted intentionally insofar as he fired a weapon at the victim who was advancing toward him, the Court explained that, "if [the insured] accidentally or negligently caused [the victim's] death, such event may be considered an 'occurrence' within the meaning of the policy and coverage would apply" (*id.* at 138). We conclude herein that there is no view of the evidence to support a conclusion that the result of defendant's intentional act of punching Lang in the face "accidentally or negligently" caused Lang's alleged injuries (*id.*).

We reject the further contention of defendant that he is entitled to coverage based upon plaintiff's failure to disclaim coverage in a timely manner. Because we have concluded that the claim falls outside the scope of the policy's coverage on the ground that the incident is not an occurrence, disclaimer pursuant to Insurance Law 3420 (d) is not necessary. Where, as here, "the insurance policy does not contemplate coverage in the first instance, . . . requiring payment of a claim upon failure to timely disclaim would [impermissibly] create coverage where it never existed" (*Matter of Worcester Ins. Co. v Bettenhauser*, 95 NY2d 185, 188).

All concur except Green and Gorski, JJ., who dissent and vote to reverse in accordance with the following memorandum.

Green and Gorski, JJ. (dissenting). We respectfully dissent because, in our view, plaintiff has a duty to defend Matthew Whiting (defendant) in the underlying action. An insurer's duty to defend is " 'exceedingly broad' " and requires an insurer to provide a defense whenever the allegations of the complaint " 'suggest . . . a reasonable possibility of coverage' " (*Automobile Ins. Co. of Hartford v Cook*, 7 NY3d 131, 137, quoting *Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 648 [1993]). Here, the complaint in the underlying action alleges, inter alia, that defendant was negligent in hosting a party and providing alcoholic beverages to persons under the age of 21, in failing to limit the amount of alcoholic beverages consumed, in failing to supervise those present so as to prevent an incident and in failing to foresee the likelihood that a physical altercation could occur as a result of serving alcoholic beverages to persons under the age of 21. The Court of Appeals has written that " '[i]f, liberally construed, the claim is within the embrace of the policy, the insurer must come forward to defend its insured no matter how groundless, false or baseless the suit may be' " (*id.*, quoting *Ruder & Finn v Seaboard Sur. Co.*, 52 NY2d 663, 670 [1981], *rearg denied* 54 NY2d 753 [1981]). "The

duty remains 'even though facts outside the four corners of [the] pleadings indicate that the claim may be meritless or not covered' " (id., quoting *Fitzpatrick v American Honda Motor Co.*, 78 NY2d 61, 63 [1991]). Here, the complaint plainly sets forth negligent acts attributable to defendant.

We cannot agree with the majority that the incident was not an "occurrence" within the meaning of the policy or that it falls within an exclusion to the policy. The policy defines an "occurrence" as an "accident," and the Court of Appeals has also written that an accident is "deemed to pertain . . . to an intentional or expected event which unintentionally or unexpectedly" results in injury or death (*Miller v Continental Ins. Co.*, 40 NY2d 675, 678 [1976]). The policy also contains an exclusion for an act that is "either expected or intended by the insured" or "which is the result of willful and malicious acts of the insured." Notably, the Court of Appeals recently held that there was a duty to defend in *Cook*, where the insured pointed a 12 gauge shotgun at the decedent and, when the decedent "menacingly started advancing toward" the insured, the insured shot and killed the decedent (7 NY3d at 135). The Court concluded that, "if [the insured] accidentally or negligently caused [the victim's] death, such event may be considered an 'occurrence' within the meaning of the policy and coverage would apply" (*id.* at 138). The Court reasoned that, although the factfinder in the underlying action may "ultimately reject the notion that [the insured] negligently caused [the decedent's] death given the evidence of intentional behavior, . . . that uncertain outcome is immaterial to the issue" whether the insurer had a duty to defend its insured (*id.*).

In our view, *Cook* is controlling under the facts of this case. Here, defendant testified at his deposition that, after hours of consuming alcoholic beverages, Evan Lang, one of the plaintiffs in the underlying action, was visibly intoxicated and unruly. Evan initially pushed defendant to the point of knocking him off balance, and he then charged at defendant "fast" while speaking angrily, with his fists clenched. Defendant testified that, in response, he hit Evan because he "thought [he] was going to get hit." Defendant further testified at his deposition that his blow to Evan was "quick, nothing that I had time to prepare for." In light of defendant's explanation of the events leading to Evan's alleged injuries, we conclude that plaintiff failed to demonstrate that defendant's acts are subject to no other interpretation than that defendant " 'expected or intended' " the harm to Evan (*Cook*, 7 NY3d at 138; *cf. Allstate Ins. Co. v Mugavero*, 79 NY2d 153 [1992]). Thus, we conclude

that, because the complaint in the underlying action alleges negligent conduct by defendant, and defendant's description of the events and actions leading to Evan's injury support the conclusion that the punch or its results were unexpected or unintended by defendant, plaintiff has a duty to defend defendant in the underlying action. We therefore would reverse the judgment, deny plaintiff's cross motion, vacate the declaration and grant judgment in favor of defendant declaring that plaintiff has a duty to defend him in the underlying action. Present—Scudder, P.J., Martoche, Smith, Green and Gorski, JJ.