■ KMAPS CORP. et al., Respondents, v NOVA CASUALTY COMPANY, Appellant. [862 NYS2d 874]—

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered December 11, 2006 in a declaratory judgment action. The judgment, among other things, granted plaintiffs' motion for summary judgment.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs, the motion is denied and the declaration is vacated.

Memorandum: Plaintiffs commenced this action seeking, inter alia, a declaration that defendant is obligated to defend and indemnify plaintiff KMAPS Corp. (KMAPS) in the underlying personal injury action. On a prior appeal, we affirmed the amended order denying plaintiffs' cross motion for summary judgment on the complaint (*KMAPS Corp. v Santana*, 28 AD3d 1241 [2006]). Following discovery, plaintiffs by order to show cause sought summary judgment on the amended complaint. We conclude that Supreme Court erred in granting the motion. The court properly determined that plaintiffs established their entitlement to judgment as a matter of law on the issue whether KMAPS is an additional insured under the policy issued by defendant to Nestor Santana, doing business as K & S, one of the subcontractors of KMAPS for the installation of television cable (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). We conclude, however, that defendant raised an issue of fact whether KMAPS is entitled to a defense and indemnification with respect to injuries sustained by the plaintiff in the underlying action, a different subcontractor who was not insured by defendant (*see generally id.*).

We further conclude that the court erred in determining that defendant was obligated to provide KMAPS with a timely disclaimer of coverage. As noted, there is an issue of fact whether KMAPS is an additional insured under the terms of the policy, and "requiring payment of a claim upon failure to . . . disclaim [in a timely manner] would create coverage where it [may] never [have] existed" (*Matter of Worcester Ins. Co. v Bettenhauser*, 95 NY2d 185, 188 [2000]). Because it is plaintiffs' "burden to establish the existence of coverage" (*Borg-Warner Corp. v Insurance Co. of N. Am.*, 174 AD2d 24, 31 [1992], *lv denied* 80 NY2d 753 [1992]), we further conclude that the court erred in determining that defendant was required to assert lack of coverage as an affirmative defense (*see generally* CPLR 3018 [b]). Present—Scudder, P.J., Hurlbutt, Smith, Green and Gorski, JJ.