In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v STEPHEN G. DOYLE, Respondent. [882 NYS2d 665]—

In a proceeding pursuant to CPLR article 75 to permanently stay the arbitration of a claim for underinsured motorist benefits, the petitioner appeals (1) from an order of the Supreme Court, Rockland County (Nelson, J.), dated September 15, 2008, which granted the respondent's motion to reargue and, upon reargument, vacated a prior order dated July 1, 2008, granting the petition to stay arbitration, and dismissed the petition as time-barred under CPLR 7503 (c), and (2), as limited by its brief, from so much of an order of the same court dated October 16, 2008, as, upon reargument, adhered to the determination in the order dated September 15, 2008.

Ordered that the appeal from so much of the order dated September 15, 2008, as, upon reargument, vacated the prior order dated July 1, 2008, and dismissed the petition, is dismissed, as that part of the order was superseded by the order dated October 16, 2008, made upon reargument; and it is further,

Ordered that the order dated September 15, 2008, is affirmed insofar as reviewed; and it is further,

Ordered that the order dated October 16, 2008, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

Contrary to the petitioner's contentions, the Supreme Court properly dismissed its petition to permanently stay arbitration of the respondent's underinsured motorist claim as time-barred by the 20-day period set forth in CPLR 7503 (c). Review of the supplementary uninsured/underinsured motorists endorsement at issue demonstrates that the respondent clearly came within the definition of an "insured" contained therein, and that the petition to stay arbitration was based upon an exclusion in that endorsement rather than a lack of coverage (*see Matter of Worcester Ins. Co. v Bettenhauser,* 95 NY2d 185 [2000]; *Matter of Allstate Ins. Co. v Arpaia,* 276 AD2d 628 [2000]).

The petitioner's remaining contentions are without merit. Mastro, J.P., Fisher, Eng and Hall, JJ., concur.