11-3182-cv
*Britt v. General Star Indemnity Co.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of August, two thousand twelve.

PRESENT: ROBERT A. KATZMANN,
         RICHARD C. WESLEY,
         PETER W. HALL,
                 *Circuit Judges.*

---

ANDREW BRITT,

                 *Plaintiff-Appellee,*

        v.                              11-3182

GENERAL STAR INDEMNITY COMPANY,

                 *Defendant-Appellant.*[*]

---

FOR APPELLANT:      CARA TSENG DUFFIELD (Daniel J. Standish, *on the brief*), Wiley Rein LLP, Washington, D.C.

FOR APPELLEES:      EDWARD B. FLINK, Flink Smith LLC, Albany, N.Y.

---

[*] The Clerk of Court is respectfully instructed to amend the caption to conform with the caption above.

Appeal from the United States District Court for the Northern District of New York (Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of United States District Court for the Northern District of New York is **REVERSED**.

Defendant-Appellant General Star Indemnity Company ("General Star") appeals from an April 4, 2011, Decision and Order of the United States District Court for the Northern District of New York (Hurd, *J.*), declaring that General Star was estopped from denying coverage under a commercial umbrella policy (the "Policy") General Star issued to Pharmalogic Services, LLC ("Pharmalogic") for an auto accident involving Plaintiff-Appellee Andrew Britt ("Britt") and Dennis Bridges ("Bridges"), then an employee of Pharmalogic. *See Britt v. Gen. Star Indem. Co.*, 775 F. Supp. 2d 454 (N.D.N.Y. 2011)(the "Order"). In its Order, the district court noted that the Policy did not cover the accident because Bridges did not have Pharmalogic's permission to drive the auto. Nevertheless, it concluded that General Star was estopped from denying coverage because it failed to timely notify Britt under New York Insurance Law section 3420(d)(2) that it was disclaiming coverage because of a policy exclusion. We disagree.

2

New York Insurance Law section 3420(d)(2) provides:

> If under a liability policy issued or delivered in this state, an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident . . . it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant.

Failure to provide a Section 3420(d) disclaimer precludes denial of coverage based on a policy exclusion. A Section 3420(d)(2) disclaimer is unnecessary, however, when a claim falls outside the scope of the policy's definition of coverage. *Zappone v. Home Ins. Co.*, 55 N.Y.2d 131, 135-36 (1982). In that situation, "the insurance policy does not contemplate coverage in the first instance, and requiring payment of a claim upon failure to timely disclaim would create coverage where it never existed." *Worcester Ins. Co. v. Bettenhauser*, 95 N.Y.2d 185, 188 (2000).

Here, the district court erred in concluding that the permissive use provision "operated as a policy exclusion." *Britt*, 755 F. Supp. 2d at 470. The Policy is a general commercial umbrella policy issued to named insureds Pharmalogic and its subsidiaries; Bridges is not a named insured. (Joint Appendix ("J.A.") 141, 161.) As Britt

3

concedes, the permissive use provision, which is contained in the section of the Policy titled "Who Is An Insured," is the only portion of the Policy that can possibly grant coverage to a non-named insured involved in an auto accident. (J.A. 148-49.) It provides: "With respect to any (i) auto . . ., any person is an insured while driving such auto . . . with [Pharmalogic's] permission." (J.A. 149.) The definition of "auto" includes any "land motor vehicle" that is not "mobile equipment." (J.A. 155.) The Policy does not include a rider or declaration that specifies whether only certain autos, *e.g.*, those registered to Pharmalogic, are covered by the policy. Exclusions are set forth in a separate section of the Policy. (J.A. 142-45.)

The permissive use provision is a fundamental grant of Policy coverage, not an exclusion. Therefore, the district court erred in concluding that General Star was required to issue a Section 3420(d) disclaimer. Because the Policy does not insure specific autos, specific individuals, or employees generally for auto accidents, permissive use is the only way to define the scope of the Policy's coverage for auto accidents. Indeed, it is the only language in the clause tying coverage to Pharmalogic, the named insured. To

4

interpret permissive use as a Policy exclusion would mean that **all accidents** involving **any autos** are covered by the Policy in the first instance—there would be no limit to the Policy's coverage.

For the foregoing reasons, the judgment of the district court is hereby **REVERSED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk