■ UNITED SERVICES AUTOMOBILE ASSOCIATION, Appellant-Respondent, v ROBERT N. IANNUZZI, Respondent-Appellant. [28 NYS3d 878]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered January 30, 2015, which denied plaintiff's motion for summary judgment declaring that it has no obligation to defend or indemnify defendant in the underlying personal injury action, and granted defendant's motion for summary judgment to the extent of declaring that plaintiff is obligated to defend defendant in the underlying action, unanimously reversed, on the law, without costs, plaintiff's motion granted, and defendant's motion denied. The Clerk is directed to enter judgment declaring that plaintiff has no obligation to defend or indemnify defendant in the underlying action.

Defendant pleaded guilty to third-degree assault (Penal Law § 120.00 [1] ["With intent to cause physical injury to another person, he causes such injury"]). Thus, he is collaterally estopped to litigate in this declaratory judgment action the issue of his intent to inflict bodily injury on the person he injured (the claimant) (*see Hughes v Farrey*, 30 AD3d 244, 247 [1st Dept 2006], *lv dismissed* 8 NY3d 841 [2007]).

Although, as defendant argues, "accidental results may flow from intentional causes" (*Slayko v Security Mut. Ins. Co.*, 98 NY2d 289, 293 [2002] [internal quotation marks omitted]), defendant knew that when he hit the claimant, after flipping him over his shoulder onto the pavement, injuries could result (*see State Farm Fire & Cas. Co. v Whiting*, 53 AD3d 1033, 1034 [4th Dept 2008], *appeal withdrawn* 12 NY3d 780 [2009]). The harm to the claimant was inherent in the nature of the act, although the injuries may have been more extensive than defendant intended (*see Empire Ins. Co. v Miguel*, 114 AD3d 539 [1st Dept 2014], *lv denied* 23 NY3d 908 [2014]; *cf. Automobile Ins. Co. of Hartford v Cook*, 7 NY3d 131 [2006]).

Since the acts at issue were outside the scope of coverage, timely disclaimer pursuant to Insurance Law § 3420 (d) was unnecessary (*see Hough v USAA Cas. Ins. Co.*, 93 AD3d 405 [1st Dept 2012]).

We have considered defendant's remaining contentions and find them unavailing. Concur—Tom, J.P., Mazzarelli, Friedman, Richter and Kahn, JJ.