New Gold Equities Corp. v Amguard Ins. Co. (2026 NY Slip Op 00841)

New Gold Equities Corp. v Amguard Ins. Co.

2026 NY Slip Op 00841

Decided on February 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 17, 2026

Before: Manzanet-Daniels, J.P., Kapnick, Pitt-Burke, Higgitt, Rosado, JJ. 

Index No. 26968/20|Appeal No. 5814|Case No. 2025-02119|

[*1]New Gold Equities Corp., Plaintiff-Respondent,
vAmguard Insurance Co., Defendant-Appellant.

Lazare Potter Giacovas & Moyle LLP, New York (Yale Glazer of counsel), for appellant.
Shein Johnson P.C., Melville (Jeffrey S. Shein of counsel), for respondent.

Order, Supreme Court, Bronx County (Allison Y. Tuitt, J.), entered January 16, 2025, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment declaring that plaintiff is entitled to indemnification from defendant as an additional insured in an underlying tort action, unanimously affirmed, with costs.
This is an insurance coverage dispute that follows a separate personal injury action pending in the Bronx. Plaintiff in this action was the owner of the property located at 1 West Fordham Road, and leased the premises to non-party Sweetie Angels of New York, Inc., the primary insured under the relevant insurance policy. Plaintiff in the underlying action, nonparty Winston Jenkins, maintains that he was injured in September of 2019 when he was walking on the sidewalk in front of the premises and fell due to a sidewalk defect. He sued plaintiff, plaintiff's tenant (the primary insured), and the tenant's neighbor.
Plaintiff commenced this action for, among other things, a declaration that defendant insurer has a duty to indemnify it in the underlying tort action pursuant to an additional insured endorsement contained in the insurance policy. The endorsement provides coverage to plaintiff "only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to" the primary insured.
A threshold issue we are called upon to decide on this appeal is whether defendant timely disclaimed coverage to plaintiff under Insurance Law § 3420. To disclaim coverage under Insurance Law § 3420(d)(2), an insurer must "give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant." Additional insureds are entitled to the same protections as the named insured, including timely notice of disclaimer (Sierra v 3301 Sunset Park, LLC, 101 AD3d 983, 985 [2d Dept 2012], affd 24 NY3d 514 [2014]). While Insurance Law § 3420 was enacted to avoid prejudice to an injured claimant who could be harmed by delay in learning the insurer's position, it was "not intended to be a technical trap that would allow interested parties to obtain more than the coverage contracted for under the policy" (Excelsior Ins. Co. v Antretter Contr. Corp., 262 AD2d 124, 127 [1st Dept 1999]). The failure to comply with section 3420(d) will "preclude[] denial of coverage based on a policy exclusion" (Matter of Worcester Ins. Co. v Bettenhauser, 95 NY2d 185, 189 [2000]).
Contrary to defendant's assertions, plaintiff — who is specifically listed as an "additional insured" in the relevant policy — established that defendant failed to timely disclaim coverage as required by Insurance Law § 3420 (d). Defendant was on notice of the underlying personal injury action, which was filed in December of 2019, and which had named plaintiff as a defendant. Defendant retained counsel to defend the primary insured in the underlying action. Plaintiff then submitted a tender letter to defendant shortly after the underlying action was filed, in January of 2020. Defendant did not disclaim coverage as to plaintiff until nine months later, in September 2020.
In opposition, defendant failed to raise a triable issue to rebut plaintiff's showing.
Defendant's alternative argument — that it was not required to disclaim coverage under the relevant circumstances — is also not persuasive (Bettenhauser, 95 NY2d at 188). New York courts have held that a disclaimer pursuant to section 3420(d) is unnecessary when a claim clearly falls outside the scope of the policy's coverage (id.). In other words, if the insurance policy "does not contemplate coverage in the first instance," a disclaimer is not required (id.). On the other hand, a disclaimer pursuant to section 3420(d) is necessary when denial of coverage is based on a "policy exclusion without which the claim would be covered" (id. at 189).
As Bettenhauser explains, "drawing the line between a lack of coverage in the first instance (requiring no disclaimer) and a lack of coverage based on an exclusion (requiring timely disclaimer) has at times proved problematic" (id.). In drawing this distinction, however, the Court reasoned that where "a relationship" between the carrier and the claimant existed such that coverage of plaintiff was contemplated by the insurance policy, a disclaimer was required (id.).
Such is the case here. The policy plainly indicates that plaintiff, as owner, is an additional insured, and that defendant has the obligation to indemnify it, albeit with certain conditions. While we are aware that the failure to disclaim cannot create coverage where "none existed" in the first place, these are not the circumstances here (Consolidated Edison Co. of N.Y. v Hartford Ins. Co., 203 AD2d 83, 85 [1st Dept 1994]). Plaintiff is not seeking the creation of coverage, but rather a declaration as to the coverage to which it is entitled under the plain terms of the policy.
Further, unlike the cases that defendant relies upon, defendant did not establish before Supreme Court that plaintiff did not fit within the policy's coverage terms (see e.g. Three Boroughs, LLC v Endurance Am. Specialty Ins. Co., 143 AD3d 480, 481 [1st Dept 2016]; Harco Constr., LLC v First Mercury Ins. Co., 148 AD3d 870, 872 [2d Dept 2017]). We are also unpersuaded by defendant's argument that a denial based on an "exclusion" in an insurance policy cannot appear on the face of an additional insured endorsement. Thus, as defendant failed to comply with section 3420(d), it is precluded from denying coverage to plaintiff under the terms of the policy (Bettenhauser, 95 NY2d at 188).
Given our holding under Insurance Law § 3420(d)(2), we need not address defendant's remaining arguments, which are now academic.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 17, 2026