AIX Specialty Ins. Co. v Steel Fab NY, Inc.

2026 NY Slip Op 02955

May 13, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

AIX Specialty Insurance Company, respondent,

v

Steel Fab NY, Inc., et al., defendants, Sullivan Heights, LLC, et al., defendants-appellants; Mt. Hawley Insurance Company, intervenor-appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 13, 2026

2021-09507, (Index No. 525584/18)

Francesca E. Connolly, J.P.

Cheryl E. Chambers

Helen Voutsinas

Elena Goldberg Velazquez, JJ.

Gerber Ciano Kelly Brady LLP, Garden City, NY (Brendan T. Fitzpatrick and Joanna M. Roberto of counsel), for defendants-appellants.

Ford Marrin Esposito Witmeyer & Gleser, LLP, New York, NY (Joseph D'Ambrosio and John A. Mattoon of counsel), for intervenor-appellant.

Goldberg Segalla LLP, White Plains, NY (Michael P. Kandler of counsel), for respondent.

[*1]

DECISION & ORDER

In an action, inter alia, for a judgment declaring that the plaintiff is not obligated to defend or indemnify any party in connection with two underlying personal injury actions entitled Vivanco v ZNKO Construction, Inc., and Chillogalli v Sullivan Heights, LLC, both commenced in the Supreme Court, Kings County, under Index Nos. 517138/17 and 520927/17, respectively, the defendants Sullivan Heights, LLC, and ZNKO Construction, Inc., appeal, and the intervenor, Mt. Hawley Insurance Company, separately appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Richard J. Montelione, J.), dated January 7, 2022. The order and judgment, insofar as appealed from, upon an order of the same court dated October 28, 2021, among other things, granting that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendants Sullivan Heights, LLC, and ZNKO Construction, Inc., declared that the plaintiff is not obligated to defend or indemnify any party in connection with the underlying personal injury actions.

ORDERED that on the Court's own motion, the notices of appeal from the order are deemed to be premature notices of appeal from the order and judgment (see CPLR 5520[c]); and it is further,

ORDERED that the order and judgment is affirmed insofar as appealed from; and it is further,

ORDERED that one bill of costs is awarded to the plaintiff payable by the defendants Sullivan Heights, LLC, and ZNKO Construction, Inc., and the intervenor, Mt. Hawley Insurance Company, appearing separately and filing separate briefs.

The plaintiff commenced this action, inter alia, for a judgment declaring that it is not obligated to defend or indemnify any party in connection with two underlying personal injury actions [*2]entitled Vivanco v ZNKO Construction, Inc., and Chillogalli v Sullivan Heights, LLC, both commenced in the Supreme Court, Kings County, under Index Nos. 517138/17 and 520927/17, respectively (hereinafter together the underlying actions). The underlying actions arose from related incidents that occurred at a construction site when two employees of the defendant Steel Fab NY, Inc. (hereinafter Steel Fab) allegedly were injured while performing steel erection work. On the date of the incidents, the defendant ZNKO Construction, Inc. (hereinafter ZNKO), was the general contractor on the construction project and the defendant Sullivan Heights, LLC (hereinafter Sullivan Heights), was the owner of the premises. Steel Fab had been retained by ZNKO pursuant to a subcontract.

The injured employees commenced separate personal injury actions against ZNKO and Sullivan Heights in 2017, alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). Thereafter, ZNKO and Sullivan Heights commenced separate third-party actions against Steel Fab for contractual indemnification, common-law indemnification, and contribution/apportionment, and alleging failure to procure insurance. The underlying actions were later joined for discovery and trial.

On the date of the incidents, Steel Fab was insured under a commercial general liability insurance policy (hereinafter the policy) issued by the plaintiff. The policy included a blanket additional insured endorsement that extended coverage to any person or organization for whom Steel Fab performed operations when the parties had agreed in writing that such person or organization be added as an additional insured.

Following tenders of defense and indemnification by ZNKO and Sullivan Heights, the plaintiff disclaimed coverage based on the policy's Designated Operations Exclusion and Classification Limitation Endorsement. The plaintiff commenced this action in December 2018, among other things, for a judgment declaring that it had no obligation to defend or indemnify any party in connection with the underlying actions.

Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against ZNKO and Sullivan Heights. Mt. Hawley Insurance Company (hereinafter Mt. Hawley), the excess insurer for ZNKO and Sullivan Heights, moved for leave to intervene as a defendant and opposed the plaintiff's motion.

In an order dated October 28, 2021, the Supreme Court, among other things, granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against ZNKO and Sullivan Heights. The court also granted Mt. Hawley's motion. In an order and judgment dated January 7, 2022, the court, inter alia, declared that the plaintiff is not obligated to defend or indemnify any party in connection with the underlying actions. ZNKO and Sullivan Heights appeal, and Mt. Hawley separately appeals.

The plaintiff demonstrated, prima facie, that the underlying personal injury claims fell outside the policy's scope of coverage by submitting, among other things, affidavits describing the scope of Steel Fab's work, the insurance policy and underwriting file, and a bill of particulars indicating that the injuries occurred during steel erection operations, which were not within the policy's covered risk classifications. Contrary to the contentions of ZNKO and Sullivan Heights, under the circumstances of this case, the Supreme Court providently exercised its discretion by considering the subcontract, which was inadvertently omitted from the plaintiff's moving papers and was submitted for the first time in reply, since ZNKO and Sullivan Heights had an opportunity to respond thereto and submitted papers in surreply (see Gluck v New York City Tr. Auth., 118 AD3d 667, 668; Hanscom v Goldman, 109 AD3d 964, 965).

In determining an insurance coverage dispute, courts "read an insurance policy in light of 'common speech' and the reasonable expectations of a businessperson" (Belt Painting Corp. v TIG Ins. Co., 100 NY2d 377, 383, quoting Ace Wire & Cable Co. v Aetna Cas. & Sur. Co., 60 NY2d 390, 398). "Ambiguity is ascertained by reading the terms of the agreement, not in isolation, but as a whole" (Global Reins. Corp. of Am. v Century Indem. Co., 30 NY3d 508, 519 [internal [*3]quotation marks omitted]). "Interpretation of unambiguous policy provisions, which must be given their plain and ordinary meaning, is a question of law" (Garcia v Government Empls. Ins. Co., 151 AD3d 1020, 1022, affd 30 NY3d 1033). "Further, while ambiguities in an insurance contract are to be interpreted in favor of the insured, ambiguities arise only where there is more than one reasonable interpretation of the policy, as measured by the reasonable expectations of the average insured" (id. [citations and emphasis omitted]).

Here, the policy's Classification Limitation Endorsement listed coverage for "Metal Works—shop—structural load bearing" and "Metal Works—shop—decorative or artistic." Contrary to the contentions of ZNKO and Sullivan Heights and Mt. Hawley, read as a whole, these classifications unambiguously limited the policy's coverage to claims arising from fabrication operations performed at the insured's shop and did not encompass on-site erection work (see id. at 1023). Thus, the Supreme Court properly determined that ZNKO and Sullivan Heights and Mt. Hawley failed to raise a triable issue of fact as to whether the underlying personal injury claims fell within the scope of the policy's coverage.

An insurance policy is not illusory so long as it provides coverage for some acts or losses, even if a wide exclusion or limitation applies (see Lend Lease [US] Constr. LMB Inc. v Zurich Am. Ins. Co., 28 NY3d 675, 685). Here, the policy provided coverage for a meaningful class of risks—claims arising from metal fabrication conducted in the insured's shop—which is distinct from installation or erection exposures. Because the policy insured against losses arising from those covered fabrication operations, the Supreme Court correctly determined that the coverage it provided was not illusory (see id.).

"A disclaimer pursuant to Insurance Law § 3420(d) is required when the denial of coverage is based upon a policy exclusion without which the claim would be covered" (Ciasullo v Nationwide Ins. Co., 32 AD3d 889, 890). In contrast, a disclaimer pursuant to Insurance Law § 3420(d) "'is unnecessary when a claim falls outside the scope of the policy's coverage portion'" (Ciasullo v Nationwide Ins. Co., 32 AD3d at 890, quoting Matter of Worcester Ins. Co. v Bettenhauser, 95 NY2d 185, 188). Here, because the claims in the underlying actions did not fall within the scope of the policy's coverage in the first instance due to the policy's Classification Limitation Endorsement, the plaintiff was not required to comply with the disclaimer requirements of Insurance Law § 3420(d)(2) (see Black Bull Contr., LLC v Indian Harbor Ins. Co., 135 AD3d 401, 403; Ciasullo v Nationwide Ins. Co., 32 AD3d at 890).

An additional insured is "'an entity enjoying the same protection as the named insured'" (BP A.C. Corp. v One Beacon Ins. Group, 8 NY3d 708, 715, quoting Pecker Iron Works of N.Y. v Traveler's Ins. Co., 99 NY2d 391, 393). Here, because the claims in the underlying actions fell entirely outside the scope of coverage pursuant to the policy's Classification Limitation Endorsement, coverage was not available to Steel Fab, the named insured, and, thus, did not extend to ZNKO or Sullivan Heights as additional insureds under Steel Fab's policy (see generally id. at 714-715).

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

CONNOLLY, J.P., CHAMBERS, VOUTSINAS and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court