■ DENNIS HOUGH, Appellant, v USAA CASUALTY INSURANCE COMPANY, Respondent. [940 NYS2d 41]—

Order, Supreme Court, New York County (George J. Silver, J.), entered May 13, 2011, which, to the extent appealed from as limited by the briefs, upon reargument, denied plaintiff's motion for summary judgment on his claim for recovery of an unsatisfied judgment against defendant's insured, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered July 6, 2010, unanimously dismissed, without costs, as abandoned.

Defendant's disclaimer of its duty to defend its insured in the underlying action does not bar it from asserting that its insured injured plaintiff intentionally, because that assertion is not a defense extending to the merits of plaintiff's personal injury claims against the insured (see Robbins v Michigan Millers Mut. Ins. Co., 236 AD2d 769, 771 [1997]). Since the underlying action culminated in a default judgment and the issue whether the insured's acts were intentional or negligent was not litigated, defendant is not collaterally estopped to assert in this action that its insured caused plaintiff's injuries intentionally (see id.). There is support for this assertion in the record (compare Rucaj v Progressive Ins. Co., 19 AD3d 270, 273 [2005] [insurer's defenses rejected as a matter of law]).

Since issues of fact exist whether the underlying incident was an "occurrence" within the meaning of the policy, i.e., an accident, or an intentional act outside the scope of coverage, which would render a disclaimer pursuant to Insurance Law § 3420 (d) unnecessary, it cannot yet be determined whether defendant's noncompliance with the statute precludes it from disclaiming coverage (see Matter of Worcester Ins. Co. v Bettenhauser, 95 NY2d 185, 188-189 [2000]; Seneca Ins. Co. v Naprawa, 294 AD2d 183 [2002]). Concur—Gonzalez, P.J., Sweeny, Moskowitz, Renwick and Richter, JJ.

Motion seeking to submit and append a certified copy of the superior court information granted.