[993 NE2d 1249, 971 NYS2d 229]

K2 INVESTMENT GROUP, LLC, et al., Respondents-Appellants, v AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY, Appellant-Respondent.

Argued April 25, 2013; decided June 11, 2013

## POINTS OF COUNSEL

*Coughlin Duffy LLP*, New York City (*Robert J. Kelly* and *Michael S. Chuven* of counsel), and *Steinberg & Cavaliere, LLP*, White Plains, for appellant-respondent. I. The lower court erred as a matter of law in affording the insured status exclusion and business enterprise exclusion an unduly narrow scope. (*Fox v Employers' Liab. Assur. Corp., Ltd., of London*, 243 App Div 325, 267 NY 609; *Wenig v Glens Falls Indem. Co.*, 294 NY 195; *Holmes v Allstate Ins. Co.*, 33 AD2d 96; *Maurice Goldman & Sons v Hanover Ins. Co.*, 80 NY2d 986; *American Guar. & Liab. Ins. Co. v Timothy S. Keiter, P.A.*, 360 F3d 13; *Niagara Fire Ins. Co. v Pepicelli, Pepicelli, Watts & Youngs, P.C.*, 821 F2d 216; *Bretton v Mutual of Omaha Ins. Co.*, 110 AD2d 46; *Maroney v New York Cent. Mut. Fire Ins. Co.*, 5 NY3d 467; *Regal Constr.*

*Corp. v National Union Fire Ins. Co. of Pittsburgh, PA,* 15 NY3d 34; *Salzman & Salzman v Home Ins. Co.,* 258 AD2d 455.) II. The Appellate Division majority committed reversible error in limiting its consideration of relevant facts to the allegations contained in the complaint. (*Servidone Constr. Corp. v Security Ins. Co. of Hartford,* 64 NY2d 419; *Fitzpatrick v American Honda Motor Co.,* 78 NY2d 61; *Robbins v Michigan Millers Mut. Ins. Co.,* 236 AD2d 769; *Atlantic Mut. Ins. Co. v Terk Tech. Corp.,* 309 AD2d 22; *First State Ins. Co. v J & S United Amusement Corp.,* 67 NY2d 1044; *Rucaj v Progressive Ins. Co.,* 19 AD3d 270; *Lang v Hanover Ins. Co.,* 3 NY3d 350; *Hough v USAA Cas. Ins. Co.,* 93 AD3d 405; *Utica First Ins. Co. v Star-Brite Painting & Paperhanging,* 36 AD3d 794; *Dimond v Kazmierczuk & McGrath,* 15 AD3d 526, 5 NY3d 715.) III. The case law relied on by the Appellate Division majority supports a reversal of its decision. (*American Guar. & Liab. Ins. Co. v Moskowitz,* 58 AD3d 426; *Oot v Home Ins. Co. of Ind.,* 244 AD2d 62; *Niagara Fire Ins. Co. v Pepicelli, Pepicelli, Watts & Youngs, P.C.,* 821 F2d 216; *Servidone Constr. Corp. v Security Ins. Co. of Hartford,* 64 NY2d 419; *Forrest v Jewish Guild for the Blind,* 3 NY3d 295.) IV. Respondents' summary judgment motion should have been denied because material questions of fact exist. (*Groves v Land's End Hous. Co.,* 80 NY2d 978.)

*Law Offices of Michael A. Haskel,* Mineola (*Michael A. Haskel, Susan Haskel* and *Brandon M. Zlotnick* of counsel), for respondents-appellants. I. The Appellate Division order correctly affirmed the Supreme Court's grant of summary judgment to K2 Investment Group, LLC/ATAS Management Group, LLC on their claims under Insurance Law § 3420 (a). (*Ramos v National Cas. Co.,* 227 AD2d 250; *Rosenberg v Litas Inv. Co.,* 212 AD2d 686; *Goldstein v Engel,* 240 AD2d 280; *Worldwide Asset Purch., LLC v Karafotias,* 9 Misc 3d 390; *Cobb v City of New York,* 272 AD2d 117; *Lang v Hanover Ins. Co.,* 3 NY3d 350; *Rucaj v Progressive Ins. Co.,* 19 AD3d 270; *Nelson v Kalathara,* 48 AD3d 528; *Hallman v Kantor,* 72 AD3d 895, 15 NY3d 706; *Mendoza v Schlossman,* 87 AD2d 606.) II. Instead of granting summary judgment dismissing the bad faith claims of K2 Investment Group, LLC/ATAS Management Group, LLC, the Appellate Division order should have awarded summary judgment to K2/ATAS on these claims. (*Automobile Ins. Co. of Hartford v Cook,* 7 NY3d 131; *Frontier Insulation Contrs. v Merchants Mut. Ins. Co.,* 91 NY2d 169; *Sport Rock Intl., Inc. v American Cas. Co. of Reading, Pa.,* 65 AD3d 12; *Town of Massena v Healthcare Underwriters Mut. Ins. Co.,* 98 NY2d 435; *Panasia Estates, Inc.*

*v Hudson Ins. Co.*, 39 AD3d 343, 10 NY3d 200; *Sukup v State of New York*, 19 NY2d 519; *Birsett v General Acc. Ins. Co. of Am.*, 226 AD2d 1027, 88 NY2d 1005; *Pavia v State Farm Mut. Auto. Ins. Co.*, 82 NY2d 445; *Federal Ins. Co. v North Am. Specialty Ins. Co.*, 83 AD3d 401; *Daus v Lumbermen's Mut. Cas. Co.*, 241 AD2d 665.) III. Summary judgment awarded in favor of American Guarantee and Liability Insurance Co. on the third and fourth causes of action was reversible error. (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851.)

### OPINION OF THE COURT

SMITH, J.

█ We hold that, when a liability insurer has breached its duty to defend its insured, the insurer may not later rely on policy exclusions to escape its duty to indemnify the insured for a judgment against him.

## I

Plaintiffs are two limited liability companies that made loans totaling $2.83 million to a third such company, Goldan, LLC. The loans were to be secured by mortgages. Goldan failed to repay the loans, and plaintiffs discovered that their mortgages had not been recorded. A bankruptcy petition was later filed against Goldan.

Plaintiffs brought a lawsuit against Goldan and its two principals, Mark Goldman and Jeffrey Daniels, asserting a number of claims. One claim was asserted by each plaintiff against Daniels, a lawyer, for legal malpractice. Plaintiffs alleged that Daniels acted as their attorney with respect to their loans to Goldan, and that his failure to record the mortgages was "a departure from good and accepted legal practice."

Daniels notified his malpractice carrier, American Guarantee and Liability Insurance Company, of the malpractice claims against him, and forwarded a copy of the complaint. American Guarantee refused to provide "either defense or indemnity coverage," for the reason, among others, that the allegations against Daniels "are not based on the rendering or failing to render legal services for others." After this disclaimer, plaintiffs made a settlement demand on Daniels for $450,000—significantly less than the $2 million limit of American Guarantee's policy. Daniels transmitted the demand to American Guarantee, which rejected it for the reasons it had previously given for denying coverage.

Daniels defaulted in plaintiffs' action against him, and plaintiffs obtained a default judgment in excess of the policy limit. The judgment was entered only as to plaintiffs' legal malpractice claims; their other claims against Daniels were discontinued. After judgment was entered, Daniels assigned to plaintiffs all his rights against American Guarantee and plaintiffs, as Daniels's assignees, brought the present action against American Guarantee for breach of contract and bad faith failure to settle the underlying lawsuit. On their contract claims, plaintiffs seek to recover the $2 million policy limit, and on their bad faith claims they seek to recover the full amount of their default judgment.

American Guarantee moved for summary judgment dismissing the complaint, relying on two policy exclusions, the so-called "insured's status" and "business enterprise" exclusions. The policy issued by American Guarantee says, in relevant part:

> "This policy shall not apply to any Claim based upon or arising out of, in whole or in part . . .

> "D. the Insured's capacity or status as:

> "1. an officer, director, partner, trustee, shareholder, manager or employee of a business enterprise . . .

> "E. the alleged acts or omissions by any Insured, with or without compensation, for any business enterprise, whether for profit or not-for-profit, in which any Insured has a Controlling Interest."

According to American Guarantee, the claim against Daniels arose out of his "capacity or status" as a member and owner (and thus presumably at least a "manager") of Goldan, and out of his "acts or omissions" on Goldan's behalf.

Plaintiffs cross-moved for summary judgment in their favor. Supreme Court granted plaintiffs' motion as to the breach of contract claims, holding that American Guarantee breached its duty to defend Daniels, and was therefore bound, up to the $2 million limit of its policy, to pay the resulting judgment against him. The court dismissed the bad faith claims (2010 NY Slip Op 33801[U] [2010]).

The Appellate Division affirmed, with two justices dissenting in part (*K2 Inv. Group, LLC v American Guar. & Liab. Ins. Co.*, 91 AD3d 401 [1st Dept 2012]). The majority held that the exclusions American Guarantee relied on were inapplicable to the malpractice claim on which the default judgment against

Daniels was based (*id.* at 403-405). The dissent concluded that issues of fact existed as to whether the exclusions applied (*id.* at 405-411 [Andrias, J., dissenting]).

American Guarantee appeals to us as of right pursuant to CPLR 5601 (a), on the basis of the two-justice dissent in its favor. Plaintiffs cross-appeal pursuant to leave granted by this Court. We now affirm on both the appeal and the cross appeal.

## II

We affirm the summary judgment in plaintiffs' favor on the breach of contract claims without reaching the question that divided the Appellate Division: the applicability of the insured's status exclusion and the business enterprise exclusion to American Guarantee's duty to indemnify Daniels for a judgment based on legal malpractice. We hold that, by breaching its duty to defend Daniels, American Guarantee lost its right to rely on these exclusions in litigation over its indemnity obligation.

It is quite clear that American Guarantee breached its duty to defend—indeed, it does not seem to contend otherwise now. We summarized the law applicable to this issue in *Automobile Ins. Co. of Hartford v Cook* (7 NY3d 131, 137 [2006]):

> "It is well settled that an insurance company's duty to defend is broader than its duty to indemnify. Indeed, the duty to defend is exceedingly broad and an insurer will be called upon to provide a defense whenever the allegations of the complaint suggest a reasonable possibility of coverage. If, liberally construed, the claim is within the embrace of the policy, the insurer must come forward to defend its insured no matter how groundless, false or baseless the suit may be.

> "The duty remains even though facts outside the four corners of the pleadings indicate that the claim may be meritless or not covered . . . . Thus, an insurer may be required to defend under the contract even though it may not be required to pay once the litigation has run its course." (Citations, internal quotation marks, elision and bracketing omitted.)

Here, the complaint in the underlying lawsuit against Daniels unmistakably pleads a claim for legal malpractice. American Guarantee no doubt had reason to be skeptical of the claim; it is

unusual, in a loan transaction, for lenders to retain a principal of the borrower to act as their lawyer, as plaintiffs here claimed they did. But that means only that the claim against Daniels may have been "groundless, false or baseless . . . meritless or not covered"—it does not allow American Guarantee to escape its duty to defend. It would be different if the claim were collusive, but American Guarantee has neither claimed that plaintiffs and Daniels were colluding against it nor alleged any facts to support such a claim.

It is also well established that, when an insurer has breached its duty to defend and is called upon to indemnify its insured for a judgment entered against it, the insurer may not assert in its defense grounds that would have defeated the underlying claim against the insured (*Lang v Hanover Ins. Co.*, 3 NY3d 350, 356 [2004]). As the court said in *Mendoza v Schlossman* (87 AD2d 606, 607 [2d Dept 1982]):

> "A default judgment on the issue of liability in a legal malpractice action disposes of the issue of the lawyer's negligence and the validity of the underlying claim."

The rule as we have just stated it does not dispose of the present case, because American Guarantee is not relying on defenses that would have shielded Daniels from malpractice liability; it is relying on exclusions in its insurance contract with Daniels. In *Lang*, however, we stated the rule more broadly:

> "[A]n insurance company that disclaims in a situation where coverage may be arguable is well advised to seek a declaratory judgment concerning the duty to defend or indemnify the purported insured. If it disclaims and declines to defend in the underlying lawsuit without doing so, it takes the risk that the injured party will obtain a judgment against the purported insured and then seek payment . . . Under those circumstances, having chosen not to participate in the underlying lawsuit, *the insurance carrier may litigate only the validity of its disclaimer* and cannot challenge the liability or damages determination underlying the judgment." (Emphasis added.)

While *Lang* did not involve a situation like the one we have here, we now make clear that *Lang*, at least as it applies to such situations, means what it says: an insurance company that has

disclaimed its duty to defend "may litigate only the validity of its disclaimer." If the disclaimer is found bad, the insurance company must indemnify its insured for the resulting judgment, even if policy exclusions would otherwise have negated the duty to indemnify. This rule will give insurers an incentive to defend the cases they are bound by law to defend, and thus to give insureds the full benefit of their bargain. It would be unfair to insureds, and would promote unnecessary and wasteful litigation, if an insurer, having wrongfully abandoned its insured's defense, could then require the insured to litigate the effect of policy exclusions on the duty to indemnify.

Perhaps there are exceptions to the rule that we stated in *Lang* and now reaffirm. Thus, we do not necessarily reject (though we do not necessarily endorse) the decision of the Appellate Division in *Hough v USAA Cas. Ins. Co.* (93 AD3d 405 [1st Dept 2012]). There, the court held that an insurer's "disclaimer of its duty to defend its insured in the underlying action does not bar it from asserting that its insured injured plaintiff intentionally." (*Id.* at 405.) The *Hough* decision could arguably be justified on the ground that insurance for one's own intentional wrongdoing is contrary to public policy (*see Messersmith v American Fid. Co.*, 232 NY 161, 165 [1921]). But no public policy argument is available to American Guarantee here, and there is no reason to make this case an exception to the general rule. American Guarantee, having chosen to breach its duty to defend, cannot rely on policy exclusions to escape its duty to indemnify.

### III

The courts below properly dismissed plaintiffs' claims based on American Guarantee's alleged bad faith failure to settle the malpractice claim against Daniels for a sum lower than the policy limit.

An insurer's rejection of a settlement offer for less than the full amount of its policy does not by itself establish the insurer's bad faith, even when the insured later suffers a judgment greater than the policy limit.

> "[A] bad-faith plaintiff must establish that the defendant insurer engaged in a pattern of behavior evincing a conscious or knowing indifference to the probability that an insured would be held personally accountable for a large judgment if a settlement

offer within the policy limits were not accepted."
(*Pavia v State Farm Mut. Auto. Ins. Co.*, 82 NY2d
445, 453-454 [1993].)

Plaintiffs have alleged no facts showing that "bad faith" in this sense was present here. Indeed, nothing in this record suggests that American Guarantee knew or should have known that the malpractice claim against Daniels was worth significantly more than $450,000—let alone more than the $2 million policy limit. As we have mentioned, it may well have been reasonable for American Guarantee to believe that the malpractice claim lacked any merit.

Plaintiffs' claim in this case is not really for a bad faith failure to settle, but for an alleged bad faith failure to defend. Plaintiffs allege that American Guarantee repudiated its duty to defend without any basis for doing so. We need not decide, however, whether such an allegation could ever support a claim for damages in excess of policy limits. Such a claim would require the insured to show, at a minimum, that the judgment against him would not have been entered if the insurer had defended the case. Plaintiffs have not alleged that that is true here, and they would face an awkward task in making that case: it would require them to prove that the judgment against Daniels that they obtained by default could not have been obtained if Daniels had been defended. They have not alleged this, and therefore their bad faith claims cannot stand.

Accordingly, the order of the Appellate Division should be affirmed, without costs.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, PIGOTT and RIVERA concur; Judge ABDUS-SALAAM taking no part.

Order affirmed, without costs.