[6 NE3d 1117, 983 NYS2d 761]

K2 Investment Group, LLC, et al., Respondents-Appellants, v American Guarantee & Liability Insurance Company, Appellant-Respondent.

Argued January 7, 2014; decided February 18, 2014

**POINTS OF COUNSEL**

*Coughlin Duffy, LLP*, New York City (*Kevin T. Coughlin, Robert J. Kelly* and *Michael S. Chuven* of counsel), and *Steinberg & Cavaliere, LLP*, White Plains, for appellant-respondent. I. The lower court erred as a matter of law in affording the insured's status exclusion and business enterprise exclusion an unduly narrow scope. (*Fox v Employers' Liab. Assur. Corp., Ltd., of London*, 243 App Div 325, 267 NY 609; *Wenig v Glens Falls Indem. Co.*, 294 NY 195; *Holmes v Allstate Ins. Co.*, 33 AD2d 96; *Maurice Goldman & Sons v Hanover Ins. Co.*, 80 NY2d 986; *American Guar. & Liab. Ins. Co. v Timothy S. Keiter, P.A.*, 360 F3d 13; *Niagara Fire Ins. Co. v Pepicelli, Pepicelli, Watts & Youngs, P.C.*, 821 F2d 216; *Matter of Covert*, 97 NY2d 68; *Bretton v Mutual of Omaha Ins. Co.*, 110 AD2d 46; *Maroney v New York Cent. Mut. Fire Ins. Co.*, 5 NY3d 467; *Regal Constr. Corp. v National Union Fire Ins. Co. of Pittsburgh, PA*, 15 NY3d 34.) II. The majority committed reversible error in limiting its consideration of relevant facts to the allegations contained in the legal malpractice claims that form the basis of the default judgment. (*Servidone Constr. Corp. v Security Ins. Co. of Hartford*, 64 NY2d 419; *Fitzpatrick v American Honda Motor Co.*, 78 NY2d 61; *Robbins v Michigan Millers Mut. Ins. Co.*, 236 AD2d 769; *Atlantic Mut. Ins. Co. v Terk Tech. Corp.*, 309 AD2d 22; *First State Ins. Co. v J & S United Amusement Corp.*, 67 NY2d 1044; *Rucaj v Progressive Ins. Co.*, 19 AD3d 270; *Lang v Hanover Ins. Co.*, 3 NY3d 350; *Hough v USAA Cas. Ins. Co.*, 93 AD3d 405.) III. The case law relied on by the majority supports a reversal of its decision. (*American Guar. & Liab. Ins. Co. v Moskowitz*, 58 AD3d 426; *Oot v Home Ins. Co. of Ind.*, 244 AD2d 62; *Niagara Fire Ins. Co. v Pepicelli, Pepicelli, Watts & Youngs, P.C.*, 821 F2d 216; *Servidone Constr. Corp. v Security Ins. Co. of Hartford*, 64 NY2d 419.) IV. Respondents' summary judgment motion should have been denied because material questions of fact exist.

*Law Offices of Michael A. Haskel*, Mineola (*Michael A. Haskel* of counsel), for respondents-appellants. I. The order correctly affirmed the Supreme Court's grant of summary judgment to plaintiffs on their claims under Insurance Law § 3420 (a). (*Ramos v National Cas. Co.*, 227 AD2d 250; *Rosenberg v Litas*

*Inv. Co.*, 212 AD2d 686; *Goldstein v Engel*, 240 AD2d 280; *Worldwide Asset Purch., LLC v Karafotias*, 9 Misc 3d 390; *Cobb v City of New York*, 272 AD2d 117; *Lang v Hanover Ins. Co.*, 3 NY3d 350; *Rucaj v Progressive Ins. Co.*, 19 AD3d 270; *Nelson v Kalathara*, 48 AD3d 528; *Hallman v Kantor*, 72 AD3d 895, 15 NY3d 706; *Mendoza v Schlossman*, 87 AD2d 606.) II. Instead of granting summary judgment dismissing the bad faith claims of plaintiffs, the order should have awarded summary judgment to plaintiffs on these claims. (*Automobile Ins. Co. of Hartford v Cook*, 7 NY3d 131; *Frontier Insulation Contrs. v Merchants Mut. Ins. Co.*, 91 NY2d 169; *Ruder & Finn v Seaboard Sur. Co.*, 52 NY2d 663; *Sport Rock Intl., Inc. v American Cas. Co. of Reading, Pa.*, 65 AD3d 12; *Barkan v New York Schools Ins. Reciprocal*, 65 AD3d 1061; *Town of Massena v Healthcare Underwriters Mut. Ins. Co.*, 98 NY2d 435; *Panasia Estates, Inc. v Hudson Ins. Co.*, 39 AD3d 343, 10 NY3d 200; *Sukup v State of New York*, 19 NY2d 519; *Birsett v General Acc. Ins. Co. of Am.*, 226 AD2d 1027, 88 NY2d 1005; *Pavia v State Farm Mut. Auto. Ins. Co.*, 82 NY2d 445.) III. Summary judgment awarded in favor of Guarantee on the third and fourth causes of action was reversible error. (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851.)

*Chamberland D'Amanda Oppenheimer & Greenfield LLP*, Rochester (*K. Wade Eaton* of counsel), and *Wiley Rein LLP*, Washington, D.C. (*Laura A. Foggan* and *Jennifer A. Williams* of counsel), for Complex Insurance Claims Litigation Association and another, amici curiae. I. "Automatic" indemnity is inconsistent with established principles of coverage law. (*Servidone Constr. Corp. v Security Ins. Co. of Hartford*, 64 NY2d 419; *Frontier Insulation Contrs. v Merchants Mut. Ins. Co.*, 91 NY2d 169; *Hough v USAA Cas. Ins. Co.*, 93 AD3d 405; *Bovis Lend Lease LMB Inc. v Garito Contr., Inc.*, 65 AD3d 872; *Flannery v Allstate Ins. Co.*, 49 F Supp 2d 1223; *Matter of Covert*, 97 NY2d 68; *Matijiw v New York Cent. Mut. Fire Ins. Co.*, 292 AD2d 865; *Robbins v Michigan Millers Mut. Ins. Co.*, 236 AD2d 769; *Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640; *Ruder & Finn v Seaboard Sur. Co.*, 52 NY2d 663.) II. Adequate incentives already exist under New York law to enforce insurers' defense obligations. (*Pavia v State Farm Mut. Auto. Ins. Co.*, 82 NY2d 445; *Federal Ins. Co. v North Am. Specialty Ins. Co.*, 83 AD3d 401; *Lang v Hanover Ins. Co.*, 3 NY3d 350; *Rucaj v Progressive Ins. Co.*, 19 AD3d 270; *Matychak v Security Mut. Ins. Co.*, 181 AD2d 957.) III. Important policy considerations weigh against "automatic" indemnity. (*Graf v Hope Bldg. Corp.*, 254 NY 1; *Dependible Janitorial Servs. v Transcontinental Ins.*

*Co.*, 212 AD2d 946; *Republic Franklin Ins. Co. v Pistilli*, 16 AD3d 477; *Teichman v Community Hosp. of W. Suffolk*, 87 NY2d 514; *Consolidated Edison Co. of N.Y. v Allstate Ins. Co.*, 98 NY2d 208; *Cooper Industries, Inc. v Leatherman Tool Group, Inc.*, 532 US 424; *BMW of North America, Inc. v Gore*, 517 US 559; *State Farm Mut. Automobile Ins. Co. v Campbell*, 538 US 408.)

*Anderson Kill, P.C.*, New York City (*William G. Passannante* and *Allen R. Wolff* of counsel) and *Amy Bach*, San Francisco, California, for United Policyholders, amicus curiae. I. The Court's decision in *K2 Inv. Group, LLC v American Guar. & Liab. Ins. Co.* (21 NY3d 384 [2013]) applies a remedy that was clearly articulated in *Lang v Hanover Ins. Co.* (3 NY3d 350 [2004]) and progeny. (*Bowker v NVR, Inc.*, 39 AD3d 1162; *Republic Franklin Ins. Co. v Pistilli*, 16 AD3d 477; *State Farm Fire & Cas. Co. v Ricci*, 96 AD3d 1571; *Jimenez v New York Cent. Mut. Fire Ins. Co.*, 71 AD3d 637; *Town of Massena v Healthcare Underwriters Mut. Ins. Co.*, 98 NY2d 435; *Servidone Constr. Corp. v Security Ins. Co. of Hartford*, 64 NY2d 419; *Endresz v Friedberg*, 24 NY2d 478; *Bing v Thunig*, 2 NY2d 656; *People v Hobson*, 39 NY2d 479; *United States Trust Co. of N.Y. v O'Brien*, 143 NY 284.) II. Many states take a similar approach to the *Lang v Hanover Ins. Co.* (3 NY3d 350 [2004]) rule as the remedy for an insurance company's breach of the duty to defend. (*Jones v Southern Mar. & Aviation Underwriters, Inc.*, 888 F2d 358; *Martin v Travelers Indem. Co.*, 450 F2d 542; *Ayers v C & D Gen. Contrs.*, 269 F Supp 2d 911; *Capitol Reproduction, Inc. v Hartford Ins. Co.*, 800 F2d 617.) III. American Guarantee & Liability Insurance Company and the insurance industry amici seek to limit the court's power to award policyholders the value of a contract's full performance. (*Wakeman v Wheeler & Wilson Mfg. Co.*, 101 NY 205; *Taylor v Bradley*, 39 NY 129; *Freund v Washington Sq. Press*, 34 NY2d 379; *Baker v Drake*, 53 NY 211; *Heary Bros. Lightning Protection Co., Inc. v Intertek Testing Servs., N.A., Inc.*, 9 AD3d 870, 4 NY3d 615; *Lang v Hanover Ins. Co.*, 3 NY3d 350.) IV. Speculative due process arguments are insufficient to overcome the Court's holding in *Lang v Hanover Ins. Co.* (3 NY3d 350 [2004]) and *K2 Inv. Group, LLC v American Guar. & Liab. Ins. Co.* (21 NY3d 384 [2013]). (*Liverpool, New York & Philadelphia S.S. Co. v Commissioners of Emigration*, 113 US 33; *Burton v United States*, 196 US 283; *United States v Vilches-Navarrete*, 523 F3d 1; *Campaign for Fiscal Equity v State of New York*, 100 NY2d 893; *Matter of Lezette v Board of Educ., Hudson City School Dist.*, 35 NY2d 272.)

*Hurwitz & Fine, P.C.*, Buffalo (*Dan D. Kohane, Elizabeth A. Fitzpatrick, Steven E. Peiper* and *Diane F. Bosse* of counsel), for

*New York Insurance Association, Inc. and others, amici curiae. I. An insurer that rejects a valid request for defense is bound by facts necessarily decided in the underlying action, but the terms of the insurance policy determine the scope of coverage. (Lang v Hanover Ins. Co.,* 3 NY3d 350; *Frontier Insulation Contrs. v Merchants Mut. Ins. Co.,* 91 NY2d 169; *Servidone Constr. Corp. v Security Ins. Co. of Hartford,* 106 Misc 2d 118, 64 NY2d 419; *Lombardi, Walsh, Wakeman, Harrison, Amodeo & Davenport, P.C. v American Guar. & Liab. Ins. Co.,* 85 AD3d 1291; *Hanover Ins. Co. v Cowan,* 172 AD2d 490; *Halloway v State Farm Ins. Cos.,* 23 AD3d 617; *George A. Fuller Co. v United States Fid. & Guar. Co.,* 200 AD2d 255; *Colon v Aetna Life & Cas. Ins. Co.,* 66 NY2d 6; *Dreyer v New York Cent. Mut. Fire Ins.,* 106 AD3d 685; *Kaczmarek v Shoffstall,* 119 AD2d 1001.) II. Not only is the enhanced penalty imposed by this Court in its decision in this matter inconsistent with its prior holdings, it is not commensurate with the alleged breach. (*Lang v Hanover Ins. Co.,* 3 NY3d 350; *Flannery v Allstate Ins. Co.,* 49 F Supp 2d 1223; *Capitol Envtl. Servs., Inc. v North Riv. Ins. Co.,* 536 F Supp 2d 633; *Johnson v Studyvin,* 828 F Supp 877, 839 F Supp 1490; *Bucci v Essex Ins. Co.,* 323 F Supp 2d 84; *Servants of Paraclete, Inc. v Great Am. Ins. Co.,* 857 F Supp 822, 866 F Supp 1560; *Emhart Indus., Inc. v Home Ins. Co.,* 515 F Supp 2d 228; *Burroughs Wellcome Co. v Commercial Union Ins. Co.,* 713 F Supp 694; *Time Oil Co. v Cigna Prop. & Cas. Ins. Co.,* 743 F Supp 1400.)

*Covington & Burling LLP,* Washington, D.C. (*Elliott Schulder, William F. Greaney* and *Matthew Kudzin* of counsel), and *Covington & Burling LLP,* New York City (*P. Benjamin Duke* of counsel), for Coltec Industries Inc. and another, amici curiae. I. The duty to defend is a critical component of a liability policy. (*BP A.C. Corp. v One Beacon Ins. Group,* 33 AD3d 116; *Truax v State Farm Ins. Cos.,* 101 Misc 2d 1031; *Katz v Umansky,* 92 Misc 2d 285; *Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304; *International Paper Co. v Continental Cas. Co.,* 35 NY2d 322; *Feliberty v Damon,* 129 AD2d 207, 72 NY2d 112; *Transcare N.Y., Inc. v Finkelstein, Levine & Gittlesohn & Partners,* 23 AD3d 250; *Clarke v Fidelity & Cas. Co. of N.Y.,* 55 Misc 2d 327; *MBIA Inc. v Federal Ins. Co.,* 652 F3d 152.) II. An insurer that breaches its duty to defend should not be permitted to rely on policy exclusions to avoid its obligation to pay an adverse judgment. (*DeCapua v Dine-A-Mate, Inc.,* 292 AD2d 489; *Isadore Rosen & Sons v Security Mut. Ins. Co. of N.Y.,* 31 NY2d 342; *St.*

*Louis Dressed Beef & Provision Co. v Maryland Casualty Co.,*
201 US 173; *George Campbell Painting v National Union Fire
Ins. Co. of Pittsburgh, PA,* 92 AD3d 104; *Estee Lauder Inc. v
OneBeacon Ins. Group, LLC,* 62 AD3d 33; *General Acc. Ins.
Group v Cirucci,* 46 NY2d 862; *American Tr. Ins. Co. v Mendon
Leasing Corp.,* 241 AD2d 436; *Cardinal v State of New York,*
304 NY 400; *Fieldston Prop. Owners Assn., Inc. v Hermitage
Ins. Co., Inc.,* 16 NY3d 257; *Automobile Ins. Co. of Hartford v
Cook,* 7 NY3d 131.) III. This Court's ruling is consistent with
mainstream authority. (*Twin City Fire Ins. Co. v City of Madison, Miss.,* 309 F3d 901; *Tibbs v Great Am. Ins. Co.,* 755 F2d
1370; *Lunsford v American Guar. & Liab. Ins. Co.,* 18 F3d 653.)

**OPINION OF THE COURT**

SMITH, J.

American Guarantee & Liability Insurance Company contends, on reargument, that our prior decision in this case, *K2
Inv. Group, LLC v American Guar. & Liab. Ins. Co.* (21 NY3d
384 [2013]) (*K2-I*), erred by failing to take account of a controlling precedent, *Servidone Constr. Corp. v Security Ins. Co. of
Hartford* (64 NY2d 419 [1985]). We hold that American
Guarantee is correct.

I

A brief summary of the case will do for present purposes:
Claims for legal malpractice were brought against American
Guarantee's insured, Jeffrey Daniels, which American Guarantee—wrongly, it is now conceded—refused to defend. Daniels
suffered a default judgment, and then assigned his rights against
American Guarantee to the plaintiffs in the suit against him.
Those plaintiffs brought the present case, seeking to enforce
American Guarantee's duty to indemnify Daniels for the judgment. In defense, American Guarantee asserted that the loss
was not covered, relying on two exclusions in the policy. (The
facts are described in more detail in our *K2-I* opinion, 21 NY3d
at 387-389.)

In *K2-I*, we affirmed an order granting plaintiffs summary judgment, holding that American Guarantee's breach of
its duty to defend barred it from relying on policy exclusions.
We later granted reargument (21 NY3d 1049 [2013]), and we
now vacate our prior decision and reverse the Appellate
Division's order.

## II

In *Servidone*—a case in which, as in this one, the insurer was relying on policy exclusions in defending against a suit for indemnification—we stated the question as follows:

> "Where an insurer breaches a contractual duty to defend its insured in a personal injury action, and the insured thereafter concludes a reasonable settlement with the injured party, is the insurer liable to indemnify the insured even if coverage is disputed?" (64 NY2d at 421.)

We answered the question in *Servidone* no. In *K2-I*, we held that "when a liability insurer has breached its duty to defend its insured, the insurer may not later rely on policy exclusions to escape its duty to indemnify the insured for a judgment against him" (21 NY3d at 387). The *Servidone* and *K2-I* holdings cannot be reconciled.

Plaintiffs suggest that the cases are distinguishable because in *Servidone* the insured had settled with the plaintiff in the underlying litigation, whereas here there was a judgment, not a settlement. We do not find the distinction persuasive. A liability insurer's duty to indemnify its insured does not depend on whether the insured settles or loses the case. It is true that a judgment, unlike most settlements, is a binding determination of the issues in the underlying litigation. Thus it can be said here, as it could not in *Servidone*, that the issues in the suit brought against the insured are now res judicata. But that is irrelevant, because American Guarantee does not seek here, and the defendant in *Servidone* did not seek, to relitigate the issues in the underlying case. It is well established that such relitigation is not permitted after an insurer has breached its duty to defend (*see* the authorities discussed in *K2-I*, 21 NY3d at 390). The issue in *Servidone*, as here, is whether the insurer may rely on policy exclusions that do not depend on facts established in the underlying litigation.

Plaintiffs also rely, as we did in *K2-I*, on our decision in *Lang v Hanover Ins. Co.* (3 NY3d 350, 356 [2004]). We said in *Lang* that, when an insurer has refused to defend its insured, it "may litigate only the validity of its disclaimer" when it is later sued on a judgment obtained against the insured. But the issue we now face was not presented in *Lang*. We decided in *Lang* "that a judgment is a statutory condition precedent to a direct suit against the tortfeasor's insurer" (*id.* at 352); we did not consider

any defense based on policy exclusions. The sentence on which plaintiffs rely was offered as support for our statement that

> "an insurance company that disclaims in a situation where coverage may be arguable is well advised to seek a declaratory judgment concerning the duty to defend or indemnify the purported insured" (*id.* at 356).

That continues to be sound advice, but *Lang* should not be read as silently overruling *Servidone*.

The dissent would read *Servidone* as being limited to cases in which the defense was "based on noncoverage" rather than "predicated on an exclusion" (dissenting op at 589). It is true, as the dissent says, that we have made such a distinction in cases arising under Insurance Law § 3420, which imposes an obligation of timely disclaimer. It could hardly be clearer, however, that we were not making that distinction in *Servidone*. Describing the defense asserted by the insurer in that case, we said:

> "Security responded that, *pursuant to an exclusion in the policy*, a loss based upon any obligation the insured had assumed by contract was *outside coverage*" (64 NY2d at 422 [emphasis added]).

Thus, "outside coverage," as *Servidone* used the term, describes a loss to which a policy exclusion applies.

In short, to decide this case we must either overrule *Servidone* or follow it. We choose to follow it.

There is much to be said for the rule of *K2-I*, as our previous opinion shows; but, as the *Servidone* opinion shows, there is also much to be said for the *Servidone* rule. Several states follow the *Servidone* approach (*e.g. Sentinel Ins. Co., Ltd. v First Ins. Co. of Haw., Ltd.*, 76 Haw 277, 290-297, 875 P2d 894, 907-914 [1994]; *Polaroid Corp. v Travelers Indem. Co.*, 414 Mass 747, 760-766, 610 NE2d 912, 919-923 [1993]), while others adopt a rule like that of *K2-I* (*e.g. Employers Ins. of Wausau v Ehlco Liquidating Trust*, 186 Ill 2d 127, 150-154, 708 NE2d 1122, 1134-1136 [1999]; *Missionaries of Co. of Mary, Inc. v Aetna Cas. & Sur. Co.*, 155 Conn 104, 112-114, 230 A2d 21, 25-26 [1967]). A federal district judge, writing in 1999, said that "[t]he majority of jurisdictions which have considered the question" follow the *Servidone* rule (*Flannery v Allstate Ins. Co.*, 49 F Supp 2d 1223, 1227 [D Colo 1999]).

Under these circumstances, we see no justification for overruling *Servidone*. Plaintiffs have not presented any indication that the *Servidone* rule has proved unworkable, or caused

significant injustice or hardship, since it was adopted in 1985. When our Court decides a question of insurance law, insurers and insureds alike should ordinarily be entitled to assume that the decision will remain unchanged unless or until the legislature decides otherwise. In other words, the rule of stare decisis, while it is not inexorable, is strong enough to govern this case.

## III

■ Having decided that American Guarantee is not barred from relying on policy exclusions as a defense to this lawsuit, we must also decide whether the applicability of the exclusions it relies on presents an issue of fact sufficient to defeat summary judgment. We conclude that it does.

The exclusions in question are the so-called "insured's status" and "business enterprise" exclusions, contained in the following policy language:

> "This policy shall not apply to any Claim based upon or arising out of, in whole or in part . . .

> "D. the Insured's capacity or status as:

> "1. an officer, director, partner, trustee, shareholder, manager or employee of a business enterprise . . .

> "E. the alleged acts or omissions by any Insured . . . for any business enterprise . . . in which any Insured has a Controlling Interest."

The malpractice claims brought against Daniels, American Guarantee's insured, were based on the allegation that he represented plaintiffs as lenders in a transaction with a borrower known as Goldan. The alleged malpractice consisted of Daniels's failure to record mortgages that Goldan had given to plaintiffs. Daniels was one of two principals of Goldan; it is fair to infer that he was at least a "manager" of Goldan, and had a "Controlling Interest" in it, within the meaning of the policy. We cannot say on this record as a matter of law that the malpractice claims did not arise "in whole or in part" out of his status as a manager; nor can we say that they did not arise out of any of his "acts or omissions" on Goldan's behalf. We therefore agree with the Appellate Division dissenters that plaintiffs' motion for summary judgment should have been denied.

The Appellate Division majority's rationale for granting summary judgment was, essentially, that a case arising out of the alleged attorney-client relationship between plaintiffs and Daniels

could not also arise out of Daniels's managerial status with, or acts or omissions for, Goldan. But the claims could arise out of both. Because the malpractice case was resolved on default, the record tells us little about the substance of the claims; it is at least possible, however, that the alleged malpractice occurred because Daniels was serving two masters—plaintiffs, his clients, and Goldan, the company of which he was a principal. If that is the case, it can fairly be said that the malpractice claims arose partly out of Daniels's law practice and partly out of his status with or activity for Goldan—precisely the situation that the insured's status and business enterprise exclusions seem to contemplate.

Accordingly, upon reargument, our prior decision should be vacated, the remittitur recalled, the order of the Appellate Division reversed, with costs, and plaintiffs' motion for summary judgment on their first and second causes of action seeking to enforce the default judgment in the underlying action denied.

GRAFFEO, J. (dissenting). I would adhere to the general principle that a breach of a liability insurer's duty to defend prohibits it from subsequently invoking policy exclusions to escape its corollary duty to satisfy a judgment entered against the insured by a third party (*see Lang v Hanover Ins. Co.*, 3 NY3d 350, 356 [2004]). This rule makes sense for several reasons. An insurer should be subjected to some legal consequence for breaching its duty to defend an insured. Prohibiting exclusions from being collaterally invoked provides an insurer with an incentive to appear on behalf of the policyholder in the underlying lawsuit, as it agreed to do in return for the payment of premiums. It also encourages the initiation of a declaratory judgment by an insurer that seeks judicial authorization to rely on a policy exclusion to avoid indemnification. Bringing all of the interested parties—injured plaintiffs; insured defendants; and insurance carriers—together in a judicial forum further contributes to the efficient resolution of factual issues for the benefit of litigants without unduly burdening the ability of injured parties to obtain recovery for covered losses.

A fundamental purpose of an insurance contract is to provide "litigation insurance" for the policyholder (*see e.g. Automobile Ins. Co. of Hartford v Cook*, 7 NY3d 131, 137 [2006], citing *Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 310 [1984]). This is particularly true in the context of legal malpractice insurance coverage such as that purchased by Jeffrey Daniels in this case.

It is imperative that an insurer timely defend its insured. A contrary rule encourages unnecessarily repetitive judicial proceedings by allowing an insurer to wrongfully abandon its policyholder's defense, subsequently forcing the insured to later litigate the effect of a policy exclusion on the duty to indemnify.

At first glance, *Servidone Constr. Corp. v Security Ins. Co. of Hartford* (64 NY2d 419 [1985]) appears to adopt a different rule. Closer scrutiny, however, reveals that *Servidone* may have intended to endorse a more limited principle. Our insurance cases have long drawn a distinction between "noncoverage" and "exclusions" (*see e.g. Matter of Worcester Ins. Co. v Bettenhauser*, 95 NY2d 185, 188-189 [2000]; *Zappone v Home Ins. Co.*, 55 NY2d 131, 134 [1982]). Noncoverage involves the situation where an insurance policy does not contemplate coverage at its inception. For example, a homeowner's policy would not provide malpractice liability coverage. Exclusions, in contrast, involve claims that fall within the ambit of the policy's coverage parameters but are excepted by a particular contractual exclusion provision. Hence, a homeowner's policy might contain an exclusion for certain types of water damage to the house. The distinction between the two is not always easy to identify and in many cases the result is the same—the insured will not be entitled to indemnification.

But our precedents make clear that the classification of an insurer's defense as one based on noncoverage or one predicated on an exclusion can have significant legal ramifications. For example, we have held that the failure of a carrier to timely disclaim coverage under Insurance Law § 3420 (d) will preclude the carrier from later invoking a policy exclusion to deny coverage (*see Matter of Worcester Ins. Co. v Bettenhauser*, 95 NY2d at 188-189). In other words, the carrier will be obligated to indemnify the insured for the loss, despite the fact that the claim was expressly exempted under an exclusion clause. But an identical violation of Insurance Law § 3420 (d) will *not* bar the carrier from later raising a defense of noncoverage (*see id.* at 188 ["Disclaimer pursuant to section 3420 (d) is unnecessary when a claim falls outside the scope of the policy's coverage portion"]). The rationale for this result is that, "[u]nder those circumstances, the insurance policy does not contemplate coverage in the first instance, and requiring payment of a claim upon failure to timely disclaim would create coverage where it never existed" (*id.*; *see also Markevics v Liberty Mut. Ins. Co.*, 97

NY2d 646, 648-649 [2001]; *Fair Price Med. Supply Corp. v Travelers Indem. Co.*, 10 NY3d 556, 565 [2008]).[1]

*Servidone* acknowledged this concept, explaining that the "bargained-for coverage" could not be "enlarged . . . as a penalty for [the insurer's] breach of the duty to defend" (64 NY2d at 424). As a result, the insurer could attempt to demonstrate that the loss at issue "was not within policy coverage" despite the breach (*id.* at 425). In so holding, *Servidone* contrasted earlier decisions in which our Court held that "an insurer cannot by virtue of its own breach escape liability for the reasonable settlement of a covered risk" where there was "no question that the loss was within the policy" (*id.* at 424, citing *Isadore Rosen & Sons v Security Mut. Ins. Co. of N.Y.*, 31 NY2d 342 [1972]; *Cardinal v State of New York*, 304 NY 400 [1952]).

*Servidone* did, however, refer to the insurer's ability to invoke a "policy *exclusion*" notwithstanding its breach of the duty to defend (64 NY2d at 425 [emphasis added]). But I believe *Servidone* should be applied more restrictively—and thereby reconciled with our other precedent—to clarify that an insurer's breach of the duty to defend prohibits it from avoiding indemnification on the basis of policy exclusions, but not from demonstrating that there never was coverage for the loss in the first instance.[2]

---

**1.** *See also* 1 Dunham, New Appleman New York Insurance Law 2d § 15.04 (1) (c) at 15-47 ("Most New York courts distinguish between a failure to disclaim on grounds of 'noncoverage' . . . which generally does not effect a waiver, and failure to disclaim based upon a policy exclusion, which generally does").

**2.** A number of decisions from other jurisdictions (*see* majority op at 586) are similarly reconcilable under a rule that allows noncoverage (but not exclusions) to be raised even if the duty to defend is breached (*see e.g. Employers Ins. of Wausau v Ehlco Liquidating Trust*, 186 Ill 2d 127, 150-151, 708 NE2d 1122, 1135 [1999] [an insurer that breaches the duty to defend "is estopped from raising policy defenses to coverage" but may seek to prove that "there clearly was no coverage or potential for coverage"]; *Polaroid Corp. v Travelers Indem. Co.*, 414 Mass 747, 764, 610 NE2d 912, 922 [1993] ["agree(ing) with the Court of Appeals of New York that an insurer that wrongfully declines to defend a claim will have the burden of proving that the claim was not within its policy's coverage"]; *Alabama Hosp. Assn. Trust v Mutual Assur. Socy. of Ala.*, 538 So 2d 1209, 1216 [Ala 1989] ["A failure of an insurer to defend a claim against an insured does not work an estoppel on the issue of coverage"]; *Flannery v Allstate Ins. Co.*, 49 F Supp 3d 1223, 1229 [D Colo 1999] ["I hold . . . that an insurer is not precluded from contesting coverage when it has breached its obligation to defend its insured"]).

Applying these principles here, it is apparent that American Guarantee must satisfy the judgment that was entered against its policyholder. Daniels purchased legal malpractice coverage from American Guarantee. A judgment premised on legal malpractice was secured against Daniels after American Guarantee refused to honor its obligation to defend him in that action. Assuming Daniels was insured against this particular claim under the terms of the malpractice policy, American Guarantee should not now be allowed to avoid satisfying the judgment on the ground that the claim in the underlying lawsuit actually fell under a policy exclusion. If, as the majority asserts, Daniels' liability for professional negligence may have partially arisen from his actions as both an attorney and a manager of Goldan—and was therefore precluded under the "insured's status" or "business enterprise" exclusion clauses—American Guarantee should have fully participated in the underlying action and attempted to establish the basis for the exclusion. I believe that these issues should have been resolved in the original action rather than being delayed for years. The majority's decision to authorize additional litigation and fact-finding will prolong final resolution of this matter even further.

Accordingly, I would affirm the order of the Appellate Division.

Chief Judge LIPPMAN and Judges READ and RIVERA concur with Judge SMITH; Judge GRAFFEO dissents and votes to affirm the order appealed from in an opinion in which Judge PIGOTT concurs; Judge ABDUS-SALAAM taking no part.

Upon reargument, this Court's decision of June 11, 2013 vacated, the remittitur recalled, order appealed from reversed, with costs, and plaintiffs' motion for summary judgment on their first and second causes of action seeking to enforce the default judgment in the underlying action denied.