17-897(L)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 11th day of May, two thousand eighteen.

Present:     ROSEMARY S. POOLER,
            REENA RAGGI,
            CHRISTOPHER F. DRONEY,
                 *Circuit Judges*.

_____

IN RE:  JOSHUA SIMON MARGULIES,

                 *Debtor*.

_____

DENNIS HOUGH,

                 *Consolidated Appellant*,

JOSHUA SIMON MARGULIES,                          17-897(L); 17-1073(con)

                 *Debtor - Appellant*,

           v.

USAA CASUALTY INSURANCE COMPANY,

                 *Appellee*.

_____

Appearing for Appellant       Matthew N. Kane (Stanley K. Shapiro, New York, N.Y., *on the*
Dennis Hough:                 *brief*), Donnelly, Conroy & Gelhaar, LLP, Boston, MA.

Appearing for Appellant       Donna Aldea (Joshua Margulies, pro se, Lynbrook, N.Y., *on the*
Joshua Simon Margulies:       *brief*), Barket Marion Epstein & Kearon LLP, Garden City, N.Y.

Appearing for Appellee:       Howard Smith (Peter M. Sartorius, *on the brief*), Olshan Frome &
                              Wolosky LLP, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Failla, *J.*; Bernstein, *B.J.*).

     **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

     Joshua Margulies and Dennis Hough appeal from the March 20, 2017 opinion and order of the United States District Court for the Southern District of New York (Failla, *J.*) affirming the decision of the United States Bankruptcy Court for the Southern District of New York (Bernstein, *J.*) that held (1) the state court default judgment Hough obtained against Margulies was a non-dischargeable debt; and (2) that no coverage was available under certain insurance policies  USAA Casualty Insurance Company provided to Margulies.  We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

     "When a bankruptcy appeal reaches us after district court review of the bankruptcy court order, our review of the bankruptcy court order is plenary." *In re N. New Eng. Tele. Operations LLC*, 795 F.3d 343, 346 (2d Cir. 2015) (internal quotation marks omitted). "In undertaking this plenary review, we independently review the factual determinations and legal conclusions of the bankruptcy court, evaluating the bankruptcy court's legal conclusions *de novo* and its factual findings for clear error." *Id*. (internal quotation marks omitted).

     The facts, as found by the bankruptcy court and as relevant to this appeal, are that Hough was working as a flag man on Sixth Avenue in Manhattan on the morning of August 3, 2000. *Margulies v. Hough*, 541 B.R. 156, 159-60 (Bankr. S.D.N.Y. 2015) ("*Margulies V*"). Margulies was driving a car north on Sixth Avenue, on his way to a meeting with former Governor Mario Cuomo, and running late. *Id.* Hough was managing traffic. *Id.* Margulies was stopped by Hough, his car first in the line. *Id.* at 160. Hough continued to hold traffic, even though it seemed no vehicles were entering or exiting the construction site. *Id.* Margulies became increasingly impatient as he watched the traffic light at 23rd Street pass through two full cycles without seeing any trucks enter or leave the site. *Id.* Margulies testified he made eye contact with Hough to communicate his intention to proceed when the light turned green regardless of Hough's instructions. *Id.* When the light changed to green, Margulies lifted his foot off the brakes and his car rolled forward slowly. *Id.* Hough was not in Margulies's lane when the car started moving forward, but stepped back into the lane when the car was about a car length away. *Id.* Hough did not move, and the car continued to move forward. *Id.* Margulies testified that he expected Hough to move, and thought Hough was staying put "simply to annoy" Margulies. *Id.* Margulies continued to allow the car to move forward toward Hough, and did not apply the brakes until

after the car hit Hough. *Id.* Margulies saw Hough fall and get back up, stated he assumed Hough was unhurt, and continued up Sixth Avenue to his meeting. *Id.* Margulies subsequently pled guilty to misdemeanor assault in the third degree under N.Y. Penal Law § 120.00(2) (McKinney 2015). *Id.*

Hough sued Margulies for negligence in New York State Court. *Id.* Neither Margulies nor USAA defended the action and, following an inquest, Hough obtained a $4.8 million default judgment (the "Judgment"). *Id.* Hough then sued USAA to collect on the Judgment pursuant to N.Y. Insurance Law § 3420. *Id.* After Margulies filed for Chapter 7 bankruptcy, Hough commenced an adversary proceeding seeking (1) to have the Judgment declared non-dischargeable under 11 U.S.C. § 523(a)(6) on the ground that Margulies acted willfully and maliciously; or (2) to have USAA held liable for the Judgment up to the limits of the insurance policies pursuant to N.Y. Insurance Law 3420 because the incident was an "accident" within the meaning of the policies. *Id.* In November 2015, the bankruptcy court found that (1) "Margulies acted willfully and maliciously, and accordingly, [that] his debt to Hough is not dischargeable" and (2) "the incident that gave rise to Hough's injury was not an accident within the meaning of New York's insurance law, and hence, is not covered by the USAA policies issued to Margulies." *Id.* at 159. The district court affirmed. *Margulies v. Hough*, 566 B.R. 318 (S.D.N.Y. 2017) ("*Margulies VI*").

Hough first argues that the bankruptcy court erred in finding that the incident was not an "accident" within the meaning of the USAA policies, such that the insurer is not obligated to provide coverage. Hough argues that the Judgment establishes that Margulies's actions were negligent, not intentional, and res judicata bars reconsideration of the issue of Margulies's intent in federal court. We disagree. "Under the doctrine of res judicata, a final adjudication of a claim on the merits precludes relitigation of that claim and all claims arising out of the same transaction or series of transactions by a party or those in privity with a party." *Tromba v. E. Fed. Sav. Bank FSB*, 148 A.D.3d 753, 754 (2d Dept. 2017) (citations omitted). "A judgment of default which has not been vacated is conclusive for res judicata purposes, and encompasses the issues which were raised or could have been raised in the prior action." *Id.* (citations omitted). Moreover, an insurer may defend against a Section 3420 action to collect on a judgment by demonstrating that coverage is not available under the policy. *K2 Inv. Grp., LLC v. Am. Guar. & Liab. Ins. Co.*, 22 N.Y.3d 578, 585-86 (2014). Here, the issue of Margulies's intent could not be raised in the state court negligence action. Margulies could not defeat Hough's allegations of negligence by arguing that his actions were, in fact, intentional. *See Hough v. USAA Cas. Ins. Co.*, 940 N.Y.S.2d 41, 42 (1st Dept. 2012) ("[USAA's disclaimer of its duty to defend [Margulies] in the underlying action does not bar it from asserting that [Margulies] injured [Hough] intentionally, because that assertion is not a defense extending to the merits of [Hough's] personal injury claims against [Margulies].").

We also agree with the bankruptcy court that because Margulies acted intentionally, the incident is not an occurrence within the meaning of the USAA policies and no coverage is available. Under New York insurance law, an injury is "intentionally caused" and thus not accidental if the "damages . . . flow directly and immediately from an intended act" rather than "a chain of unintended though expected or foreseeable events that occurred after an intentional act." *Brooklyn Law Sch. v. Aetna Cas. & Surety Co.*, 849 F.2d 788, 789 (2d Cir. 1989) (citation

omitted). Hough's injuries flowed directly and immediately from Margulies's decision not to apply the car's brakes until after the car struck Hough. The incident was not an accident within the meaning of New York law, and thus was not an occurrence as defined in the USAA policies.

Margulies challenges the bankruptcy court's holding that the debt is nondischargeable. A debt is not dischargeable when the debt was incurred because of the "willful and malicious injury by the debtor to another." 11 U.S.C. § 523(a)(6). This exception to discharge requires a plaintiff to prove three elements: (1) "debtor acted willfully," (2) "debtor acted maliciously," and (3) "debtor's willful and malicious actions caused injury to the plaintiff or the plaintiff's property." *Guggenheim Capital LLC v. Birnbaum*, 513 B.R. 788, 802-03 (Bankr. E.D.N.Y. 2014). In the context of Section 523(a), "willful . . . means deliberate or intentional," similar to the willful intent necessary to commit an intentional tort. *Kawaauhau v. Geiger*, 523 U.S. 57, 61 n.3 (1998) (internal quotation marks omitted); *See general* Restatement (Second) of Torts § 8A cmt. a (1964) (stating that intent is evident when "the actor . . . believes that the consequences are substantially certain to result from [her act].").

While it is an open question in this Circuit as to whether the "substantial certainty" test is objective or subjective, we need not settle the issue today. Under either the objective or subjective standard, Margulies's decision not to apply the car's brakes until after the car struck Hough can only be viewed as a decision from which consequences are substantially certain to flow. There is no error.

For the same reasons, we agree with the bankruptcy court's determination that Margulies's actions were malicious. An act is malicious when "wrongful and without just cause or excuse, even in the absence of personal hatred, spite, or ill-will." *Ball v. A.O. Smith Corp.*, 451 F.3d 66, 69 (2d Cir. 2006) (internal quotation marks omitted). A finding of malice does not require a "specific intent to harm or injure," but rather "is implied when anyone of reasonable intelligence knows that the act in question is contrary to commonly accepted duties in the ordinary relationships among people, and injurious to another." *Aldus Green Co. v. Mitchell*, 227 B.R. 45, 51 (B.R. S.D.N.Y. 1998) (internal quotation marks and brackets omitted). Failing to attempt to apply a car's brakes before striking a person standing in front of the car satisfies the standard for malice.

We have considered the remainder of Hough and Margulies's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4