Margulies v USAA Cas. Ins. Co. (2021 NY Slip Op 01124)





Margulies v USAA Cas. Ins. Co.


2021 NY Slip Op 01124


Decided on February 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 18, 2021

Before: Renwick, J.P., Kern, Singh, Shulman, JJ. 


Index No. 111090/09 Appeal No. 13169 Case No. 2020-02910 

[*1]Josh Margulies, Plaintiff-Appellant-Respondent,
v
USAA Casualty Insurance Co., Defendant-Respondent-Appellant.


Barket Epstein Kearon Aldea & LoTurco, LLP, Garden City (Alexander Klein of counsel), for appellant-respondent.
Marshall, Dennehey, Warner, Coleman & Goggin, New York (Richard C. Imbrogno of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Debra A. James, J.), entered on or about December 10, 2019, which granted defendant's (USAA) motion pursuant to CPLR 3211(a)(5) to dismiss the claim for payment of a judgment entered against plaintiff (Margulies) upon his default in an underlying action and denied the motion as to the claim for defense costs and fees incurred by Margulies in that action, unanimously affirmed, without costs.
This action stems from an incident in which Margulies intentionally struck nonparty Dennis Hough with his vehicle. Hough sued Margulies. Neither Margulies nor USAA defended against the action, and a default judgment was entered against Margulies.
The claim for payment of the judgment is precluded by collateral estoppel (see Paramount Pictures Corp. v Allianz Risk Transfer AG, 31 NY3d 64, 72 [2018]). The Second Circuit has determined that "because Margulies acted intentionally, the incident is not an occurrence within the meaning of the USAA policies, and no coverage is available" (In re Margulies, 721 Fed Appx 98, 100 [2d Cir 2018]).
USAA is also collaterally estopped from arguing that Supreme Court should have dismissed the claim for costs and fees incurred by Margulies in defending against the underlying action. In an earlier action to recover on the judgment brought by Hough against USAA, Supreme Court held that the claims of negligence and criminal negligence in the underlying complaint "establish[ed] as a matter of law that [USAA] had a duty to defend Margulies despite the evidence that Margulies intentionally struck [Hough] with his motor vehicle" (Hough v USAA Cas. Ins. Co., 2011 WL 10959583, *3 [Sup Ct, NY County 2011], affd 93 AD3d 405 [1st Dept 2012]). The duty to defend, having arisen out of the allegations of the complaint, "remains even though facts outside the four corners of [the] pleadings indicate that the claim may be meritless or not covered" (Automobile Ins. Co. of Hartford v Cook, 7 NY3d 131, 137 [2006] [internal quotation marks omitted]).
We have considered the remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 18, 2021